Edward A. BARBIERI and Karen A. Barbieri, Plaintiffs-Appellants,

v.

COMMERCIAL CREDIT LOANS, INC., a Florida Corporation, Defendant-Appellee.

No. 78–3028
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 6, 1979.

Rehearing Denied June 28, 1979.

---

\* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409.

Larry Morgan, Greater Orlando Legal Services, Inc., Orlando, Fla., for plaintiffs-appellants.

Leonhardt, Trickel, Leigh & Gibson, Thomas W. Gibson, Orlando, Fla., for defendant-appellee.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellants Edward and Karen Barbieri seek statutory damages and attorney fees under the civil liability provision of the Truth in Lending Act, 15 U.S.C. § 1640(a), on the ground that appellee Commercial Credit Loans, Inc. (Commercial) extended credit without adequately disclosing to them the amount of credit actually made available as required by 15 U.S.C. § 1639(a)(1).[1] We agree with the conclusion of the district court that proper disclosure was made and therefore affirm the court's granting of summary judgment in favor of Commercial.

The "Note and Disclosure Statement" executed in an effort to comply with the disclosure requirements of the Truth in Lending Act lists the following items:

| 1. | $160.98 | Net Balance Prior Account |
|---|---|---|
| 2. | 308.12 | * Amount Paid to or for Customers (* The amount paid to or for borrowers to be disbursed as follows: 308.12 to customers) |
| 3. | None | License/Title/Registration Fees |
| 4. | .90 | Recording and Releasing Fees |
| 5. | None | Vehicle Ins. Premium |
| 6. | None | Household Goods Ins. Premium |
| 7. | 10.07 | Credit Life Ins. Premium |
| 8. | 20.13 | Credit Disability Ins. Premium |
| 9. | 500.20 | Amount Financed $(1+2+3+4+5+6+7+8)$ |
| 10. | 170.84 | Finance Charge |
| 11. | 671.04 | Total of Payments $(9+10)$ |
| 12. | 30.00 | Annual % Percentage Rate |

Appellants contend that the statement is inadequate because it does not include a single lump sum figure for the net proceeds made available to them. Instead, it lists separately the amount used to retire prior indebtedness ($160.98) and the amount paid to the customers ($308.12). Appellants argue that a creditor must disclose the sum of those two figures to comply with 15 U.S.C. § 1639(a)(1). We disagree.

The statute requires disclosure of "[t]he amount of credit of which the obligor will have the actual use, or which is or will be paid to him or for his account or to another person on his behalf." 15 U.S.C. § 1639(a)(1). The statute does not require disclosure of "the *total* amount of credit" or of any other formulation which would unequivocally mandate the use of a single

1. Relevant to our discussion of the issue before us on appeal, section 1639(a) provides:

(a) Any creditor making a consumer loan or otherwise extending consumer credit in a transaction which is neither a consumer credit sale nor under an open end consumer credit plan shall disclose each of the following items, to the extent applicable:

(1) The amount of credit of which the obligor will have the actual use, or which is or will be paid to him or for his account or to another person on his behalf.

(2) All charges, individually itemized, which are included in the amount of credit extended but which are not part of the finance charge.

(3) The total amount to be financed (the sum of the amounts referred to in paragraph (1) plus the amounts referred to in paragraph (2)).

. . . . .

15 U.S.C. § 1639(a)(1)–(3).

lump sum figure. Nor are we compelled by our understanding of legislative intent to construe the term "amount" in such a manner. By breaking down the total amount into two quite different components representing credit used to retire previous indebtedness and credit extended to create new indebtedness, Commercial rendered a sensible and helpful accounting of the essential nature of the loan transaction in the context of a continuing debtor-creditor relationship.[2] Although that accounting imposed the burden of simple addition on the borrower desirous of determining the total amount of funds extended to him, we cannot reasonably hold that such a burden is so onerous that its imposition runs afoul of the Truth in Lending Act's policy of achieving "meaningful disclosure."[3] Hence, we refuse to construe section 1639(a)(1) to impose civil liability on the basis of an interpretation of technical disclosure requirements without clear foundation in either statutory language or policy.

In reaching that conclusion, we distinguish *Pollock v. General Finance Corp.*, 5 Cir., 1976, 535 F.2d 295, in which this court found inadequate a disclosure statement which listed only the "total amount financed" and various itemized finance charges included therein. It did not separately disclose, in any fashion, the amount of credit made available to the borrower as required by section 1639(a)(1). The court stated:

> Although the debtor could have determined the amount of the loan by the simple arithmetic procedure of subtracting the total insurance charges from the total amount financed, we determine that the statute does not require a consumer to perform this function, and that the creditor's failure to disclose the required item violated § 1639(a)(1).

*Id.* at 299. If we had held to the contrary, permitting a creditor to disclose only the total amount financed and the itemized finance charges, we would have by judicial fiat written out of the statute the express provision of section 1639(a)(1) requiring disclosure of the amount of credit made available to the debtor (*i. e.*, the total amount financed less the itemized finance charges). If Congress had intended the debtor rather than the creditor to perform the task of subtraction, it would not have included section 1639(a)(1) in the statute. In this case, however, although we allow the debtor to be burdened with a simple arithmetic calculation, we do not ignore section 1639(a)(1). Instead, we speak to the form of the disclosure required by that section and conclude that the disclosure made in this case is satisfactory.

AFFIRMED.

---

**2.** In *McGowan v. Credit Center of North Jackson, Inc.*, 5 Cir., 1977, 546 F.2d 73, we held that section 1639(a) does not require separate itemization of component parts of the net amount made available to the borrower. It was sufficient in that case that the creditor disclosed a single lump sum figure representing "Net Proceeds to Borrower." In so holding, however, we did not imply that it would not also have been sufficient if the creditor had separately itemized sums applied to retire outstanding balances and sums constituting new extensions of credit.

**3.** *See* 15 U.S.C. § 1601 ("It is the purpose of this subchapter to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit.").