**Richard CARROLL and Joyce Carroll, Plaintiffs,**

v.

**TERMPLAN, INC., OF EAST ATLANTA, Defendant.**

No. C78–1116A.

United States District Court, N. D. Georgia, Atlanta Division.

Aug. 7, 1979.

Ralph Goldberg, Atlanta, Ga., for plaintiffs.

Ralph V. Karlberg, Jr., Atlanta, Ga., for defendant.

### ORDER OF COURT

MOYE, District Judge.

This truth-in-lending case is presently before the Court for review of the Magistrate's Report and Recommendation on plaintiff's motion for summary judgment. The magistrate found that defendant violated the Truth-in-Lending Act by failing to disclose the sum of two components of the prepaid finance charge. The Court cannot accept this part of the recommendation because a Fifth Circuit · case decided subsequent to the Magistrate's Report and Recommendation requires a contrary result. The Court remands the case for a determination of whether any other truth-in-lending violation occurred. The magistrate dismissed a claim based on Ga.Code Ann. § 109A–9–404 for want of prosecution. The Court accepts the Magistrate's Report and Recommendation as to the state claim as plaintiff has not objected to the Magistrate's Report and Recommendation.

Plaintiff alleges several truth-in-lending violations including one for failure of defendant to disclose the sum of the components of a prepaid finance charge. Under the general heading "prepaid finance charge," defendant disclosed two side-by-side figures, $112.80 and $48.00, each separately labeled "loan fee." The figures respectively represent the four percent and eight percent "loan fees" allowed under the

Georgia Industrial Loan Act, Ga.Code Ann. § 25–315(b). That section provides:

25–315 Maximum rate of charge

Every licensee hereunder may loan any sum of money not exceeding $3,000 for a period of 36 months and 15 days or less and may charge, contract for, collect and receive interest and fees, and may require the fulfillment of conditions on such loans as hereinafter provided:

. . . . .

(b) Fee for making loan

In addition thereto, charge, contract for, receive, or collect at the time the loan is made, a fee in an amount not greater than eight per cent of the first $600 of the face amount of the contract, plus four per cent of the excess . . . .

In *Jones v. Community Loan & Inv. Corp. of Fulton County*, 526 F.2d 642 (5th Cir. 1976), *aff'd on rehearing*, 544 F.2d 1228 (5th 1976), the Court held that the truth-in-lending regulations require disclosure of the loan fee described above. *Accord, McGowan v. Credit Center of N. Jackson, Inc.*, 546 F.2d 73, 76 (5th Cir. 1977). *See* Note, Developments in Georgia Law: Debtor Creditor Rights, 12 Ga.L.Rev. 814, 836–37 (1978). Those regulations provide:

(d) *Loans and other nonsale credit.* In the case of a loan or extension of credit which is not a credit sale, in addition to the items required to be disclosed under paragraph (b) of this section, the following items, as applicable, shall be disclosed:

(1) The amount of credit, excluding items set forth in paragraph (e) of this section, which will be paid to the customer or for his account or to another person on his behalf, including all charges, individually itemized, which are included in the amount of credit extended but which are not part of the finance charge, using the term "amount financed."

(2) Any amount referred to in paragraph (e) of this section required to be excluded from the amount in paragraph (d)(1) of this section, using, as applicable, the terms "prepaid finance charge and required deposit balance."

(3) Except in the case of a loan secured by a first lien or equivalent security interest on a dwelling and made to finance the purchase of that dwelling, the total amount of the finance charge, using the term "finance charge," and where the total charge consists of two or more types of charges, a description of the amount of each type.

(e) *Finance charge payable separately or withheld; required deposit balances.* The following amounts shall be disclosed and deducted in a credit sale in accordance with paragraph (c) (6) of this section, and in other extensions of credit shall be excluded from the amount disclosed under paragraph (d)(1) of this section, and shall be disclosed in accordance with paragraph (d)(2) of this section:

(1) Any finance charge paid separately, in cash or otherwise, directly or indirectly to the creditor or with the creditor's knowledge to another person, or withheld by the creditor from the proceeds of the credit extended. (footnotes omitted)

The *Jones* court held that the Georgia loan fee is a prepaid finance charge as defined in section 226.8(d) and (e)(1) and must be disclosed. 526 F.2d 642, 647–49.

The question facing this Court, which was not addressed in *Jones*, is whether a lender must disclose the *sum* of the eight percent and four percent fees. This Court has answered the identical question in the affirmative on at least two occasions in *Whitfield v. Termplan, Inc.*, C78–1525A (N.D.Ga., May 29, 1979) (Freeman, J.) and *Brown v. Termplan, Inc. of East Atlanta*, C78–330A (N.D.Ga. May 29, 1979) (Freeman, J.). The Court cannot follow those opinions in light of the fifth circuit's recent decision in *Barbieri v. Commercial Credit Loans, Inc.*, 596 F.2d 660 (5th Cir. 1979).

In *Barbieri* the court held that the requirement in 15 U.S.C. § 1639(a)(1) that a lender disclose "the amount of credit of which the obligor will have the actual use" did not mandate disclosure of the *sum* of cash made available and the amount of previous debt retired. Judge Ainsworth reasoned in part that

The statute does not require disclosure of "the *total* amount of credit" or of any other formulation which would unequivocally mandate the use of a single lump sum figure. Nor are we compelled by our understanding of legislative intent to construe the term "amount" in such a manner.

*Barbieri, supra* at 661-62 (emphasis in original). Significantly, he also wrote that placing upon a borrower the burden of adding the two figures was not "so onerous that its imposition runs afoul of the Truth in Lending Act's policy of achieving 'meaningful disclosure.'" *Id.* (footnote omitted).

Applying the first leg of Judge Ainsworth's rationale to the instant case, the Court concludes that, here as in *Barbieri*, there is no unequivocal requirement to disclose the sum as the plaintiff argues. The reference in CFR § 226.8(d)(2), *supra*, to "prepaid finance charge" omits any reference to a sum or total as does the reference to "finance charge" in section 226.8(e)(1), *supra*. The drafters of the regulations obviously knew how to require disclosure of a total when they wanted to, because section 226.8(d)(3) requires disclosure of "the total amount of the finance charge . . . where the total charge consists of two or more types of charges."

The second factor relied upon by Judge Ainsworth in *Barbieri* provides even more compelling support for the result reached here. If a borrower can be expected to add the amount of cash received to the amount of previous debt retired, then surely he can be expected to add two loan fees that are disclosed side-by-side under the same general heading of "prepaid finance charge." In adopting this approach, it is significant that the fifth circuit chose to distinguish *Pollock v. General Finance Corp.*, 535 F.2d 295 (5th Cir. 1976), because this district had relied on *Pollock* in *Whitfield, supra,* and *Brown, supra*. In *Pollock* the Court found inadequate a disclosure that required a borrower to subtract various finance charges (which were disclosed) from the "total amount financed" (which was disclosed) in order to ascertain the "amount of credit" (which was not disclosed). In *Barbieri* the Court emphasized that a contrary holding in *Pollock* would have contravened the clear language of the requirement in 15 U.S.C. § 1639(a)(1) that the "amount of credit" be disclosed. Thus according to the *Barbieri* case, *Pollock* turns on statutory construction and not on borrowers' ignorance of arithmetic.

For the foregoing reasons, the Court remands to the magistrate for a determination of whether any of the other alleged truth-in-lending violations are meritorious.