**Bobby GRIMES, Plaintiff,**

v.

**TERMPLAN INC. OF WEST END, Defendant.**

**Civ. A. No. C78–1023A.**

United States District Court, N. D. Georgia, Atlanta Division.

Sept. 12, 1979.

Graydon W. Florence, Jr., Atlanta, Ga., for plaintiff.

Richard V. Karlberg, Jr., Atlanta, Ga., for defendant.

### ORDER

VINING, District Judge.

The plaintiff filed this action alleging, *inter alia,* violations of the Truth in Lending Act. The Magistrate recommended that the plaintiff's motion for summary judgment be granted because of the defendant's failure to disclose the component amounts of the "prepaid finance charge" as a single amount.

The disclosure statement in this case contained the following disclosure:

| PREPAID FINANCE CHARGE | | EST. TOTAL MONTHLY MAINT CHARGE | INTEREST CHARGE | | FINANCE CHARGE |
|---|---|---|---|---|---|
| LOAN FEE $ 124.80 | LOAN FEE $ 48.00 | $ 60.00 + | $ 620.00 = | $ 852.80 = | |

88

Two "loan fees" are shown because under Georgia's Industrial Loan Act a creditor may charge as a one time loan fee 8% of the first $600.00 of the loan and 4% of the balance.

After carefully reviewing the Magistrate's report and recommendation and the objection thereto, the court concludes that the objection of the defendant should be sustained and the case remanded to the Magistrate for a consideration of the plaintiff's further claim that the lender made a misleading disclosure of the security being obtained.

 In reaching this conclusion, the court distinguishes *Pollock v. General Finance Corp.,* 535 F.2d 295 (5th Cir. 1976), in which the Fifth Circuit found inadequate a disclosure statement which listed only the "total amount financed" and various itemized finance charges included therein. The statement did not separately disclose, in any fashion, the amount of credit made available to the borrower as required by 15 U.S.C. § 1639(a)(1). To have held otherwise would have been contrary to the express statutory provision of Section 1639(a)(1). Neither the statute nor Regulation Z, however, requires disclosure of the total amount of the "prepaid finance charge" or any other formulation which would unequivocally mandate the use of a single, lump-sum figure.

Although the listing of two figures under the "prepaid finance charge" heading imposed the burden of simple addition on the borrower desirous of determining the total amount of the prepaid finance charge, the court cannot reasonably hold such a burden is so onerous that its imposition runs afoul of the Truth in Lending Act's policy of achieving "meaningful disclosure." *See* 15 U.S.C. § 1601; *see also Barbieri v. Commercial Credit Loans, Inc.,* 596 F.2d 660 (5th Cir. 1979). Hence, the court refuses to impose civil liability on the basis of an interpretation of technical disclosure requirements without clear foundation in either statutory language or policy. *Barbieri v. Commercial Credit Loans, Inc., supra.*

SO ORDERED, this 12th day of September, 1979.