Glenn A. SOUIFE, Plaintiff-Appellant,

v.

FIRST NATIONAL BANK OF COMMERCE, Defendant-Appellee.

No. 78–2562.

United States Court of Appeals,
Fifth Circuit.

Aug. 7, 1981.

---

Jefferson, Bryan & Gray, Trevor G. Bryan, New Orleans, La., for plaintiff-appellant.

David S. Willenzik, New Orleans, La., for defendant-appellee.

Drew V. Tidwell, Washington, D.C., for The Consumer Bankers Assn. and the Louisiana Bankers Assn., amicus curiae.

Before THORNBERRY, ANDERSON and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

In our first opinion, *Souife v. First Nat'l Bank of Commerce*, 628 F.2d 480 (5 Cir. 1980), we held that the creditor's right to receive incidental insurance proceeds and returned premiums constitutes a "security interest" that must be adequately disclosed pursuant to the Truth-in-Lending Act, 15 U.S.C. § 1639(a) (1976), and Regulation Z, 12 C.F.R. § 226.8(b)(5) (1980).[1] Consideration of appellee's Petition for Rehearing En Banc was deferred pending the Supreme Court's resolution of the issue as presented in *Valencia v. Anderson Brothers Ford*, 617 F.2d 1278 (7th Cir.1980), *cert. granted* 449 U.S. 981, 101 S.Ct. 395, 66 L.Ed.2d 242 (1980).

The Supreme Court has now spoken in disagreement with our conclusion, holding that "the term 'security interest' as used in both the revised and unrevised versions of Regulation Z does not include an interest in unearned insurance premiums in a transaction such as this." *Anderson Brothers Ford v. Valencia*, —— U.S. ——, ——, 101 S.Ct. 2266, 2272, 68 L.Ed.2d 783 (1981) (Burger, C. J., and Stewart, Brennan and Marshall, JJ., dissenting).[2]

In light of this development, we withdraw our initial reversal and affirm the judgment below.

AFFIRMED.

---

1. Although Judge Anderson agreed that this understanding of the term "security interest" was mandated by this Court's prior holding in *Edmondson v. Allen-Russell Ford, Inc.*, 577 F.2d 291, *cert. denied*, 441 U.S. 951, 99 S.Ct. 2180, 60 L.Ed.2d 1057 (1979), he dissented in part on the disclosure issue, concluding that the Bank adequately disclosed a security interest in the proceeds of the property insurance.

We also held that the district court correctly concluded that certain taxes and fees were properly delineated in the section of the disclosure form entitled "Other Charges."

2. Although the *Valencia* decision factually deals only with unearned premiums, it is apparent that its force extends to the other incidental insurance rights at issue in our case.