**Norman SAGE, Plaintiff-Appellant,**

v.

**FREEDOM MORTGAGE COMPANY,
Defendant-Appellee.**

**No. 80–7717.**

United States Court of Appeals,
Eleventh Circuit.

May 13, 1982.

Rehearing En Banc Granted
Sept. 8, 1982.

---

**5.** Bass may have a justification for failing to appeal, or the failure may be due to simple neglect or inadvertence.

Bowen, Derrickson, Goldberg & West, Ralph Goldberg, Atlanta, Ga., for plaintiff-appellant.

Aiken & Ward, Susan Ladner Saparow, Gregory A. Ward, Atlanta, Ga., for defendant-appellee.

Before GODBOLD, Chief Judge, TJOFLAT and VANCE, Circuit Judges.

PER CURIAM.

The outcome of this appeal turns upon two questions that have not been squarely addressed by our court: whether the disclosure of net loan proceeds required by section 129(a)(1) of the Truth in Lending Act, 15 U.S.C. § 1639(a)(1),[1] and by the decision

---

1. Section 1639 states:

(a) Any creditor making a consumer loan or otherwise extending consumer credit in a transaction which is neither a consumer credit sale nor under an open end consumer credit plan shall disclose each of the following items, to the extent applicable:

(1) The amount of credit of which the obligor will have the actual use, or which is or

of the fifth circuit in *Pollock v. General Finance Corp.*, 535 F.2d 295 (5th Cir. 1976), *rehearing denied*, 552 F.2d 1142 (5th Cir.), *cert. denied*, 434 U.S. 891, 98 S.Ct. 265, 54 L.Ed.2d 176 (1977), must be made separately from other required or permissible disclosures; and whether use of the term "AMOUNT OF LOAN" to describe the amount of a note[2] is misleading when there has been no separate disclosure of net loan proceeds. We conclude that binding precedent requires that both questions be answered in the affirmative, and therefore reverse the judgment of the district court.

Appellant, Norman Sage, borrowed $40,-000 from appellee, Freedom Mortgage Company, to purchase a home. A portion of that amount, $1,341.62, was retained by Freedom Mortgage as prepaid finance charges. There were no individually itemized charges financed.[3] Freedom Mortgage prepared a disclosure statement that attempted to comply with the hodgepodge of

> will be paid to him or for his account or to another person on his behalf.
> (2) All charges, individually itemized, which are included in the amount of credit extended but which are not part of the finance charge.
> (3) The total amount to be financed (the sum of the amounts referred to in paragraph (1) plus the amounts referred to in paragraph (2)).

. . . .

In this opinion the term "net loan proceeds" will be used to indicate the 15 U.S.C. § 1639(a)(1) amount. We note that the fifth circuit in the past has used or recognized a variety of terms to designate the § 1639(a)(1) amount, including the following: "amount of credit actually made available," "net proceeds made available," "total amount of credit," "net amount made available to borrower," "total amount of funds extended," "amount of credit made available to the borrower [or debtor]," *Barbieri v. Commercial Credit Loans*, 596 F.2d 660, 661–62 & n.2 (5th Cir. 1979), "Net Proceeds to Borrower," "basic amount of the loan proceeds," "net amount generated by the loan for the borrower's use or benefit," *McGowan v. Credit Center of North Jackson, Inc.*, 546 F.2d 73, 75–76 & n.1 (5th Cir. 1977), "actual proceeds of the loan," "loan proceeds," "principal amount of the loan," "amount of the loan proceeds," "principal amount borrowed," "basic amount of loan proceeds," "principal amount of loan proceeds," "amount of cash given to the

disclosure requirements created by the Truth in Lending Act, 15 U.S.C. §§ 1601–1667, Regulation Z of the Federal Reserve Board, 12 C.F.R. § 226.1 et seq., and the decisions of the fifth circuit. The statement, in relevant part, provided:

2. The AMOUNT OF LOAN in this transaction is $40,000 . . . .

3. The PREPAID FINANCE CHARGE on this transaction [is] . . . $1,341.62

4. The amount of the loan less the prepaid finance charge equals the AMOUNT FINANCED in this transaction, which is . . . $38,658.38

■ Sage brought suit in the district court seeking statutory damages under 15 U.S.C. § 1640. He claimed that the statement failed to meet the requirements of 15 U.S.C. § 1639(a)(1) because there was no meaningful disclosure of the net loan proceeds, although that amount fortuitously equaled the amount financed.[4] The claim

debtor or on the debtor's behalf," and "amount of the loan," *Pollock v. General Fin. Corp.*, 535 F.2d 295, 296–99 & n.3 (5th Cir. 1976).

This case is governed by the version of the Truth in Lending Act in effect prior to March 31, 1982. All citations to the Act in this case refer to that version. We do not decide here whether similar issues would be decided the same way under the amended version of the Act. *See* Truth in Lending Simplification and Reform Act, Pub.L.No.96–221, Title VI, §§ 614(d)(1), 625, 94 Stat. 168, 180, 185 (1980) (effective March 31, 1982) (repealing 15 U.S.C. § 1639).

2. In this opinion the term "amount of note" will be used to describe the amount of the note on which a borrower pays interest.

3. In this opinion the term "individually itemized charges" will be used to refer to the amount required to be disclosed by 15 U.S.C. § 1639(a)(2).

4. Sage argued in the alternative that the net loan proceeds should have been disclosed as $37,332.92, which is the amount financed minus individually itemized charges. This contention has no merit because Freedom Mortgage did not lend Sage the money to pay those itemized charges. Therefore, 15 U.S.C. § 1639(a)(2) does not require the lender to disclose the individually itemized charges, and *Pollock* does not require the lender to subtract that amount from the net loan proceeds.

was reviewed by a magistrate who found that Freedom Mortgage complied with § 1639(a)(1) by listing net loan proceeds under the label "AMOUNT FINANCED." The district court adopted the recommendation of the magistrate, and granted summary judgment for Freedom Mortgage.

██ The fifth circuit held in *Pollock* that lenders must disclose the net loan proceeds amount, which is equal to the amount financed minus individually itemized charges that are included in the amount of the note but are not part of the finance charge.[5] *See Barbieri v. Commercial Credit Loans, Inc.*, 596 F.2d 660, 662 (5th Cir. 1979). This disclosure is necessary to inform the borrower of the amount of cash that is actually given to him or on his behalf. *Pollock*, 535 F.2d at 198–99. We find that listing net loan proceeds under the term "AMOUNT FINANCED" is misleading and violates both the rule contained in *Pollock* and the policy that underlies it. Section 129(a)(1) of the Truth in Lending Act, 15 U.S.C. § 1639(a)(1), is aimed at revealing to the credit consumer the precise amount that he will receive after the swarm of prepaid interest charges, brokerage fees, insurance payments, etc., has nibbled away at the credit that he requested. Unless that amount is revealed under a description that the borrower can recognize as indicating the net loan proceeds amount,

the disclosure is not meaningful. *See Pollock*, 535 F.2d at 299 n.4. It is certainly misleading to disclose the net loan proceeds amount under the description "AMOUNT FINANCED," which has as its "clear and uniform meaning," *Friend v. Termplan*, 651 F.2d 1012, 1013 (5th Cir. 1981), net loan proceeds plus individually itemized charges, *see Pollock*, 535 F.2d at 298–99.[6] "A misleading disclosure is as much a violation of TILA as a failure to disclose at all." *Smith v. Chapman*, 614 F.2d 968, 977 (5th Cir. 1980).

██ In addition to its failure to make a meaningful required disclosure Freedom Mortgage has made a misleading optional disclosure. The $40,000 "AMOUNT OF LOAN" figure in paragraph 2 is the amount of the note on which Sage must pay interest,[7] and is not a term that must be disclosed under the Truth in Lending Act. While disclosure of such additional information is generally permitted, there are some restrictions: it cannot be "stated, utilized, or placed so as to mislead or confuse the customer or lessee or contradict, obscure, or detract attention from the information required ... to be disclosed." *Friend v. Termplan*, 651 F.2d at 1013 (quoting 12 C.F.R. § 226.6(c)); *accord*, Federal Reserve Board Official Staff Interpretation, No. FC–1001 (Sept. 6, 1977), *reprinted in* 12 C.F.R. app. § 226, at 694–95 (1981) (lender

**5.** The *Pollock* holding is contrary to Regulation Z, which does not require disclosure of net loan proceeds in closed end consumer loans such as this one. *See* 12 C.F.R. §§ 226.6, 226.8 (1981).

**6.** *But cf. Brown v. Providence Gas Co.*, 445 F.Supp. 459, 464 (D.R.I.1976) (lender in a closed credit sale was not required to disclose the unpaid balance of the cash price when that amount was equal to the amount financed); Federal Reserve Board Official Staff Interpretation, No. FC–0155 (Feb. 28, 1979), *reprinted in* 12 C.F.R. app. § 226, at 740–41 (1981) (same conclusion).

**7.** Sage correctly points out that the $40,000 "AMOUNT OF LOAN" figure cannot represent net loan proceeds because that figure exceeds the amount financed by the amount of the prepaid finance charge ($1,341.62). Since the prepaid finance charge must be excluded from the amount financed, *Jones v. Community Loan & Investment Corp.*, 526 F.2d 642, 648 (5th Cir. 1976), *cert. denied*, 431 U.S. 934, 97 S.Ct. 2642, 53 L.Ed.2d 250 (1977), the prepaid

finance charge cannot be included in the net loan proceeds. *See also McGowan v. Credit Center of North Jackson, Inc.*, 546 F.2d 73, 75–77 & n.1 (5th Cir. 1977) (court approved of a disclosure of the "net proceeds to borrower" that did *not* include a prepaid finance charge of $168.63). Additionally, the Federal Reserve Board has informally interpreted Regulation Z, 12 C.F.R. § 226.10(d)(2)(i) (1981) to say the "'amount of the loan' ... is the amount ... from which any 'prepaid finance charge' or 'required deposit balance' (as defined in § 226.-8(e) must be excluded and to which all other charges included in the amount of credit extended but which are not part of the finance charge must be added to determine the 'amount financed' (which must be disclosed pursuant to § 226.8(d)(1) of Regulation Z)." Letter No. 1334 from Federal Reserve Board (March 5, 1979), *reprinted in* 5 C.C.H. Consumer Credit Guide ¶ 31,840. That definition of net loan proceeds corresponds to our definition in this decision.

**1212**

may disclose amount of note including the amount financed plus the prepaid finance charge under an appropriate caption so long as that disclosure will not be confused with another disclosure). Freedom Mortgage has violated these restrictions upon the disclosure of additional information. Although we decline to hold that the term amount of loan used in a disclosure statement must indicate the net loan proceeds amount, we recognize that the term has been used to describe net loan proceeds. *See Souife v. First National Bank of Commerce,* 628 F.2d 480, 487 (5th Cir. 1980) (subject disclosure statement lists net loan proceeds under term "Amount of Loan"), *supplemental opinion,* 653 F.2d 142 (5th Cir. 1981); *Pollock,* 535 F.2d at 299; Letter No. 1334 from the Federal Reserve Board (March 5, 1979), *reprinted in* 5 C.C.H. Consumer Credit Guide ¶ 31,840.[8] Because the term amount of loan may be used to refer to net loan proceeds we find use of the term to refer to the amount of the note to be misleading where there is no meaningful disclosure of net loan proceeds elsewhere in the disclosure statement.

REVERSED AND REMANDED.

On Petition for Rehearing and Petition for Rehearing En Banc

Before GODBOLD, Chief Judge, RONEY, TJOFLAT, FAY, VANCE, KRAVITCH, JOHNSON, HENDERSON, HATCHETT, and CLARK, Circuit Judges.*

BY THE COURT:

A member of this Court in active service having requested a poll on the application for rehearing en banc and a majority of the judges in active service having voted in favor of granting a rehearing en banc,

IT IS ORDERED that the cause shall be reheard by this Court en banc *without* oral argument on a date hereafter to be fixed. The Clerk will specify a briefing schedule for the filing of supplement briefs.

---

**8.** The Federal Reserve Board letter addressed the subject of credit advertising, which is covered by 12 C.F.R. § 226.10 (1981). That section incorporates certain of the disclosure requirements contained in 12 C.F.R. § 226.8 (1981), which covers disclosure statements.