Ivory **DORSEY**, Plaintiff-Appellant,

v.

**CITIZENS & SOUTHERN FINANCIAL CORPORATION**, Defendant-Appellee.

No. 81–7681.

**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

June 7, 1982.

Panel Opinion Vacated by Opinion on Rehearing Sept. 13, 1982.

---

Bowen, Derrickson, Goldberg & West, Ralph Goldberg, Atlanta, Ga., for plaintiff-appellant.

Howard & Gilliland, Thomas Gilliland, Robin K. Warren, Decatur, Ga., for defendant-appellee.

Before HILL, VANCE and HATCHETT, Circuit Judges.

PER CURIAM:

Appellant, Ivory Dorsey, brought suit against appellee, Citizens & Southern Financial Corporation (hereinafter "Citizens"), complaining of Citizens' actions in connection with a consumer credit transaction. Prior to trial, both parties moved for summary judgment. The magistrate recommended granting summary judgment to Citizens on the claims under the Equal Credit Opportunity Act, 15 U.S.C. § 1691(d), and under the Truth in Lending Act, 15 U.S.C. § 1639. The district court adopted the magistrate's recommendation. We affirm the district court's action on the Equal Credit Opportunity Act claim. At the same time we reverse the district court's action on the Truth in Lending Act claim and remand for the entry of summary judgment on that claim in favor of Dorsey.

On March 16, 1979 Dorsey applied to Citizens for a mortgage loan covering 95% of the purchase price of a home in Atlanta, Georgia costing $53,100. She amended her application on April 11, 1979 to reflect an increase in the cost of the home to $55,200.

On April 13 a Citizens employee called Dorsey to inform her that the company would only approve an application for 90% of the purchase price and offered her a mortgage loan for that percentage. Dorsey submitted a new loan application on April 16 requesting 90% financing. Citizens approved the application the next day and agreed to a closing date of April 24.

Dorsey first contends that Citizens failed to provide her with a written statement of the reasons for its rejection of her April 11 application for 95% financing. Citizens' failure to do so, she claims, violated her rights under section 701(d)(2) of the Equal

Credit Opportunity Act, 15 U.S.C. § 1691(d)(2), which provides:

> Each applicant against whom adverse action is taken shall be entitled to a statement of the reasons for such action from the creditor.

The question in this case is whether Citizens' rejection of Dorsey's application for 95% financing is adverse action within the meaning of the Act in light of Dorsey's subsequent acceptance of Citizens' counteroffer to finance 90% of the purchase price. Stated simply, is the action of a creditor in rejecting a credit application adverse action when that rejection is coupled with a counteroffer that the applicant accepts? We conclude that such a rejection is not adverse action and therefore does not trigger the notification provision of section 701(d)(2).

The statute defines adverse action in very broad terms:

> (6) For purposes of this subsection, the term "adverse action" means a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested. . . .

15 U.S.C. § 1691(d)(6). The definition of adverse action was narrowed by the Federal Reserve Board in Regulation B, 12 C.F.R. §§ 202.2(c)(1) & (2):

> (c) *Adverse action.* (1) For the purposes of notification of action taken, statement of reasons for denial, and record retention, the term means:
>
> (i) A refusal to grant credit in substantially the amount or on substantially the terms requested by an applicant unless the creditor offers to grant credit other than in substantially the amount or on substantially the terms requested by the applicant and the applicant uses or expressly accepts the credit offered . . .
>
> .    .    .    .    .
>
> (2) The term does not include:
>
> (i) A change in the terms of an account expressly agreed to by an applicant. . . .

It is obvious that Citizens' rejection of Dorsey's April 11 application was not adverse action under Regulation B. The question thus becomes whether sections 202(c)(1) & (2) are valid and binding interpretations of the Equal Credit Opportunity Act. Section 703 of the Act, 15 U.S.C. § 1691b(a) provides:

> (a) The Board shall prescribe regulations to carry out the purposes of this subchapter. These regulations may contain but are not limited to such classifications, differentiation, or other provision, and may provide for such adjustments and exceptions for any class of transactions, as in the judgment of the Board are necessary or proper to effectuate the purposes of this subchapter, to prevent circumvention or evasion thereof, or to facilitate or substantiate compliance therewith.

When the Board's regulations are consonant with a rational interpretation of the congressional language and purpose, courts are obliged to respect those regulations. *Ford Motor Credit Co. v. Milhollin,* 444 U.S. 555, 568, 100 S.Ct. 790, 798, 63 L.Ed.2d 22 (1980). Dorsey cites no persuasive reason to find that the relevant portion of Regulation B is anything but a rational exercise of the Board's rulemaking authority. Section 202.2 obviously represents a well considered and reasonable application of the notification requirements of 15 U.S.C. § 1691(d)(2). *Cf. Haynes v. Bank of Wedowee,* 634 F.2d 266, 271–72 (5th Cir. 1981) (applying notification requirements of Equal Credit Opportunity Act as interpreted by Regulation B). We decide that sections 202.2(c)(1) & (2) are binding interpretations of 15 U.S.C. § 1691(d). We therefore conclude that the district court was correct in granting summary judgment to Citizens on the Equal Credit Opportunity Act claim.

Dorsey also challenged the sufficiency of the disclosure statement prepared by Citizens under the Truth in Lending Act. The statement contained the following pertinent disclosures:

| | |
|---|---|
| Loan Amount (Gross) | $49,650.00 |
| Less prepaid FINANCE CHARGES | 1,361.14 |
| Amount Financed | $48,288.86 |

Dorsey contends that the statement is deficient because it fails to disclose the amount of the net loan proceeds as required

by section 129(a)(1) of the Act, 15 U.S.C. § 1639(a)(1), and by the decision of the fifth circuit in *Pollock v. General Finance Corp.*, 535 F.2d 295 at 298–99. Citizens responds that it was unnecessary to disclose the net loan proceeds because that amount was identical to the amount financed in the transaction.

This issue is controlled by the recent decision of the eleventh circuit in *Sage v. Freedom Mortgage Co.*, 675 F.2d 1208, 1211 (11th Cir. 1982). In that case, the court decided that a lender is not excused from separately disclosing the net loan proceeds under an appropriate caption even though that amount fortuitously equals the amount financed. The district court erred in granting summary judgment to Citizens on this issue. We remand for entry of summary judgment in favor of Dorsey on the Truth in Lending Act claim.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

#### ON REHEARING

Before VANCE and HATCHETT, Circuit Judges.*

PER CURIAM:

The petition for rehearing contains information which caused Judge Hill to become aware for the first time that he is disqualified in this case. Because Judge Hill participated in the June 7, 1982 decision of the panel, the same is hereby withdrawn, vacated and set aside.

---

* This action is taken by a quorum of the court. Judge Hill disqualified himself and did not participate in the consideration or entry of this action.