449 F.Supp. 631 (1977)
Raymond WHITLOCK, George Tree and Lily Tree
v.
MIDWEST ACCEPTANCE CORPORATION and Oliver Auto Sales, Inc.
No. 76-1147C(A).
United States District Court, E. D. Missouri, E. D.
August 16, 1977.
*632 *633 *634 Bertram Cooper, Legal Services of Eastern Missouri, St. Charles, Mo., for plaintiffs.
James L. Van Dillen, Clayton, Mo., for Oliver Auto Sales, Inc.
Arthur Kreisman, St. Louis, Mo., for Midwest Acceptance Corp.

MEMORANDUM OPINION
HARPER, District Judge.
This matter is before the Court on plaintiffs' motion for summary judgment and on the separate motions of defendants, Midwest Acceptance Corporation (hereinafter referred to as MAC) and Oliver Auto Sales, Inc. (hereinafter referred to as Oliver Auto), for summary judgment in their favor.
Plaintiffs, Raymond Whitlock, George Tree and Lily Tree, brought this action seeking money damages and attorneys fees for an alleged violation of the Consumer Credit Protection Act of 1968, 12 CFR 226.1 et seq. (hereinafter referred to as Regulation Z), as promulgated by the Board of Governors of the Federal Reserve System in accordance with 15 U.S.C. § 1604. The Court has jurisdiction of this action pursuant to 15 U.S.C. § 1640(e).
From the pleadings, exhibits attached to the pleadings, admissions, and briefs submitted, the following facts have been derived: Plaintiffs are United States citizens residing in the City of St. Louis, Missouri. Defendants, MAC and Oliver Auto, are Missouri corporations existing and operating under the laws of Missouri. On December 22, 1975, plaintiffs entered into a consumer credit transaction with defendant MAC. *635 This credit transaction, which was arranged by Oliver Auto, took place in connection with the financing of the down payment on the purchase price of a 1970 Buick automobile sold to plaintiffs by Oliver Auto. Said consumer credit transaction imposed a finance charge upon plaintiffs in the amount of $121.99, and was payable in more than four installments. A copy of a document, entitled "NOTE  LOAN STATEMENT", evidencing this transaction is attached to this Memorandum Opinion as Exhibit A to Memorandum Opinion.
The facts are not in dispute. Except for the allegation contained in paragraph 10, subparagraph c of plaintiffs' complaint (which will be dealt with later in this opinion), the merits of this case turn on whether the financing disclosures contained in the NOTE  LOAN STATEMENT comply with the requirements of the Act and Regulation Z. The parties do not contend otherwise, and agree that the NOTE  LOAN STATEMENT is a true and accurate copy of the loan disclosure document executed among them.
Rule 56 of the Federal Rules of Civil Procedure considers summary judgment and provides in part:
"(c) Motion and Proceedings Thereon. * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."
According to established principle, once a motion for summary judgment is made, the Court examines the evidence, not to decide issues of fact which may be presented, but rather to determine if any real issue exists. Doza v. American National Ins. Co., 314 F.2d 230, 232 (8th Cir. 1963). As interpreted by the courts, Rule 56 places on the moving party "the burden of showing the absence of a genuine issue as to any material fact, and for these purposes the material it lodged must be viewed in the light most favorable to the opposing party." Adickes v. S. H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); Jacobson v. Maryland Casualty Co., 336 F.2d 72, 74 (8th Cir. 1964), cert. denied 379 U.S. 964, 85 S.Ct. 655, 13 L.Ed.2d 558 (1964). However, it is well settled that a general allegation in a pleading, standing by itself, is not sufficient to withstand a motion for summary judgment supported by a prima facie showing that no genuine issue of material fact exists. First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); Marion County Cooperative Assoc. v. Carnation Co., 214 F.2d 557, 561-62 (8th Cir. 1954); Fed.R.Civ.P. 56(e). Summary judgment is appropriate where the only issue to be resolved is the legal sufficiency of a document. Bricklayers Local Union No. 15 v. Stuart Plastering Co., 512 F.2d 1017, 1023-24 (5th Cir. 1975).
The case before the Court is one wherein summary judgment may properly be created in favor of the defendants, MAC and Oliver Auto, since no genuine issue of any material fact exists between the parties.
It is alleged by plaintiffs that in the course of the credit transaction involved herein the defendants violated various provisions of the Act and Regulation Z. Prior to an examination of the propriety of the credit transaction the Court deems it advisable to first determine whether both defendants are subject to the provisions of the Act and Regulation Z.
For the purposes of the case at bar both MAC and Oliver Auto will be considered as "creditors" subject to the disclosure requirements of the Act and Regulation Z. Liability under these attach to "creditors, who regularly extend, or arrange for the extension of, credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required." 15 U.S.C. § 1602(f). See also, 12 CFR 226.2(s) (1976). *636 "Arrange for the extension of credit" is a term of art defined in 12 CFR 226.2(h) (1976):
"(h) `Arrange for the extension of credit or for lease of personal property' means to provide or offer to provide consumer credit or a lease which is or will be extended by another person under a business or other relationship pursuant to which the person arranging such credit.
"(1) Receives or will receive a fee, compensation, or other consideration for such service, or
"(2) Has knowledge of the credit or lease terms and participates in the preparation of the contract documents required in connection with the extension of credit."
The status of MAC as a creditor has been established by its admission to paragraph 7 of plaintiffs' amended complaint, which paraphrases the definition contained in 15 U.S.C. § 1602(f), supra.
Despite denials in its answer, the status of Oliver Auto as a creditor under the Act and Regulation Z is established by reason of its failure to answer or object to plaintiffs' request for admissions, to-wit:
"3. That defendant, Oliver Auto Sales, Inc., in the ordinary course of business, offers to arrange or arranges consumer credit, through another person, for the sale of automobiles to its customers.
"4. That defendant, Oliver Auto Sales, Inc., arrange for the extension of credit to plaintiffs by defendant, Midwest Acceptance Corporation, Inc., in connection with sale by Oliver Auto Sales, Inc., to plaintiffs of said 1970 Buick."
Rule 36 of the Federal Rules of Civil Procedure provides that each matter of which an admission is requested is admitted unless, within a specified time, the party to whom the request is directed serves upon the requesting party a written answer or objection addressed to the matter. Further, it should be noted that where an automobile dealer participates in the preparation of loan-contract documents and has a general knowledge of the credit company's credit terms, it is an "arranger of credit" within the Truth-in-Lending Act. Gonzales v. Schmerler Ford, 397 F.Supp. 323 (N.D.Ill. 1975).
The Court next turns to the subparagraphs of plaintiffs' complaint alleging violations of the Act and Regulation Z in the various disclosures or lack thereof, contained in the NOTE  LOAN STATEMENT under consideration. In this connection, it should be noted that the express purpose of Subchapter I of the Act, Consumer Credit Cost Disclosure, is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit practices." 15 U.S.C. § 1601(a). See also, Joseph v. Norman's Health Club, Inc., 532 F.2d 86, 90 (8th Cir. 1976). Further, though the Act is to be liberally construed, Sellers v. Wollman, 510 F.2d 119 (5th Cir. 1975), the cause of justice would not be served were the Act enforced so as to achieve a means of harassment, oppression or unjust enrichment. Redhouse v. Quality Ford Sales, Inc., 511 F.2d 230, 237 (10th Cir. 1975).
In paragraph 10, subparagraph (a) of their amended complaint, plaintiffs allege that "defendants failed to give the disclosures required by the Act and Regulation Z in a meaningful sequence in violation of § 226.6(a) of Regulation Z."
12 CFR 226.6(a) provides in pertinent part: "[T]he disclosures required to be given by this part shall be made clearly, conspicuously, in meaningful sequence, * *." The NOTE  LOAN STATEMENT (Exhibit A attached hereto), which evidences the transaction at issue, presents the relevant mathematical compilations in the following order: Total payments, finance charge, annual *637 percentage rate, amount financed, disbursements and cash difference to the borrower.
It is plaintiffs' contention that, although the figures provided on the disclosure statement are in columns and have been arrived at by the addition and subtraction of different lines, there is no logical progression of figures, all with the effect that the disclosure statement is not easily comprehended. Plaintiffs suggest that in a logical, arithmetic progression the amount financed would appear first, followed by the annual percentage rate with the final figure representing the amount of total payment to be made by the credit customer.
It is, however, the opinion of the Court that the location of the various figures comprising the computation of the total consumer credit transaction under consideration does not constitute a violation of Section 226.6(a) of Regulation Z. The Federal Reserve Board has written in Public Position Letter No. 545 (Nov. 4, 1971), Consumer Credit Guide (CCH), ¶ 30,759 (transfer binder):
"In view of these general disclosure requirements, it appears to us that disclosures in the agreement or contract are permissible as long as they are clear and conspicuous, and in meaningful sequence. It would seem that there are a multitude of ways by which the creditor could meet these requirements of the Regulation * * *."
No specific ordering of disclosures is required by either the Act or Regulation Z so long as logically related terms are grouped together rather than scattered throughout the contract. Garza v. Chicago Health Clubs, Inc., 347 F.Supp. 955, 961 (N.D.Ill.1972); Public Position Letter No. 780 (April 10, 1974), Consumer Credit Guide (CCH), ¶ 31,102.
In this regard, the Court finds that the relevant figures are placed in a "meaningful sequence" which is not likely to be either incomprehensible or confusing to consumer credit customers. Indeed, the figure most interesting to a purchaser  the total amount of payments  is presented first, immediately followed by that figure most interesting to a borrower, the finance charge. The manner of computation the plaintiffs prefer, adding the amount financed to the finance charge to arrive at the amount of total payments, appears no more likely to disclose the terms of consumer credit than the method utilized by the defendants, where the finance charge is subtracted from the total amount of payments to arrive at the amount financed.
In paragraph 10, subparagraph (b) of their complaint, plaintiffs contend that "defendants provided additional information concerning the transaction in such a way as to confuse, distract and mislead the plaintiffs in violation of § 226.6(c) of Regulation Z."
12 CFR 226.6(c) of Regulation Z provides in relevant part:
"At the creditor's or lessor's option, additional information or explanations may be supplied with any disclosure required by this part, but none shall be stated, utilized, or placed so as to mislead or confuse the customer or lessee, or contradict, obscure, or detract attention from the information required by this part to be disclosed."
In this regard it is the plaintiffs' contention that the defendants-creditors' use of the term "high credit" apparently interchangeably with the term "total of payments", both of which are listed as $528.00, constitutes self-contradicting and confusing additional information in violation of Regulation Z. Specifically, it is alleged that the customer of credit is unable to determine whether the terms "high credit" and "total of payments" are synonymous or mutually exclusive.
The Court finds the plaintiffs' arguments in this particular to be unpersuasive. It is first to be noted that the purportedly *638 confusing terms, "high credit" and "total of payments", appear on opposite sides of the NOTELOAN STATEMENT. This placement of the terms is to be distinguished from that found in a case cited by plaintiffs, Pedro v. Pacific Plan of California, 393 F.Supp. 315 (N.D.Cal.1975), where the offending term, "credit extended", was utilized in the phrase, "credit extended as part of finance charge." Here the lack of proximity of the two terms tends to reduce the possibility of consumer confusion. Further, the phrase, "credit extended as part of finance charge", was found by the Court in Pedro to be confusing because the constituent terms, "credit extended" and "finance charge", were contemplated by the Act and Regulation Z as terms to be utilized in a mutually exclusive manner. Pursuant to the Act, and Regulation Z, credit extended does not constitute a part of the finance charge and the use of the term "credit extended" to describe that which was paid for credit extended was held not to be a common sense approach to the implementation of the Act. Pedro, supra, at 321.
In the case at bar it cannot be said that the terms, "high credit" and "total of payments", are necessarily mutually exclusive in concept. Rather, the fact that both are listed as $528.00 in amount indicates that the terms are synonymous. In other words, "high credit" represents the total credit extended to plaintiffs. It is that amount which will be repaid by the total payments made by plaintiffs. Accordingly, the use of the term "high credit" does not constitute the use of additional information in a manner that misleads or confuses the credit customer in violation of Section 226.6(a) of Regulation Z.
Plaintiffs further claim in subparagraph (c) of paragraph 10 that "defendants failed to give the plaintiffs a copy of the disclosure statement before the transaction was consummated in violation of § 226.8(a) of Regulation Z, so that plaintiffs were unaware that defendant Midwest was financing the aforementioned transaction."
15 U.S.C. § 1638(b) provides in pertinent part:
"[T]he disclosures required under subsection (a) of this section shall be made before the credit is extended, and may be made by disclosing the information in the contract or other evidence of indebtedness to be signed by the purchaser."
12 CFR 226.8(a) contains the additional requirement that the customer is to be furnished with a duplicate copy of the disclosure statement.
Plaintiffs contend that these requirements were not met. Plaintiffs further assert that because they expressly deny, in their complaint, receipt of a duplicate disclosure statement prior to the consummation of the transaction, summary judgment for the defendants with respect to this issue cannot be granted.
The Court rejects these assertions. The NOTELOAN STATEMENT contains the following acknowledgment: "Borrower further acknowledges that he received a fully completed copy of the above NoteLoan Statement." Beneath this acknowledgment are the apparent signatures of the plaintiffs. The statement above clearly exhibits compliance with the Act and Regulation Z and the plaintiffs have so attested by their signatures. Further, 15 U.S.C. § 1635(c) provides:
"Notwithstanding any rule of evidence, written acknowledgment of receipt of any disclosures required under this subchapter by a person to whom a statement is required to be given pursuant to this section does not more than create a rebuttable presumption of delivery thereof."
The moving party on a motion for summary judgment is entitled to the benefit of any relevant presumptions available to him. United States v. General Motors Corp., 171 U.S.App.D.C. 27, 48-49, 518 F.2d 420, 441-42 (1975). The defendants would be entitled to a directed verdict as to this matter if uncontroverted at trial. *639 Summary judgment is, therefore, available unless the adverse party offers evidence in opposition. Kern v. Tri-State Ins. Co., 386 F.2d 754, 756 (8th Cir. 1967). As stated earlier, a general allegation in a pleading, standing by itself, is not sufficient to withstand a motion for summary judgment supported by a prima facie showing that no genuine issue of material fact exists. First National Bank of Arizona, supra. Plaintiffs' failure to deny by affidavit that they received the disclosures required by the Act entitle the defendants to summary judgment as to this issue. Cf. Powers v. Simms and Levin Realtors, 396 F.Supp. 12, 22-23 (E.D.Va.1975), (Summary judgment precluded where borrowers submitted affidavits on this issue). Therefore, the Court rejects plaintiffs' contentions and finds the defendants have complied with the Act and Regulation Z in this regard.
Plaintiffs assert in subparagraph (d) of paragraph 10 of their complaint that "defendants failed to accurately describe the security interest disclosures, since it is unclear whether there really is a security agreement dated 12/22/75 which is in violation of § 226.6(a) of Regulation Z."
As noted above, 12 CFR 226.6(a) specifies that disclosures required to be given by the Act and Regulation Z are to be made clearly, conspicuously and in meaningful sequence. 12 CFR 226.8(b)(5) requires disclosure, to-wit:
"A description or identification of the type of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates or, if such property is not identifiable, an explanation of the manner in which the creditor retains or may acquire a security interest in such property which the creditor is unable to identify."
Plaintiffs claim that the paragraph of the NOTELOAN STATEMENT which is entitled "Description and Identification of Security Interest" is in violation of the above cited section of Regulation Z.
The Court does not agree with plaintiffs' assessment of this matter. Although the NOTELOAN STATEMENT form provides for a security interest, leaving certain terms blank for later completion, and thus tends to suggest that a security agreement exists between the parties, the use of the phrase, "Unsecured Note", in bold letters, stamped on MAC's standardized loan form, is a sufficient indication that there is no security agreement pertaining to this consumer credit transaction. Consequently, the Court finds that the paragraph of the disclosure statement entitled "Description and Identification of Security Interest" does not represent an unclear disclosure in violation of Regulation Z.
In subparagraph (e) of paragraph 10 of their complaint, plaintiffs allege that "defendants failed to disclose the total amount of cash given plaintiffs and the amount given on behalf of plaintiffs to defendant, Oliver Auto Sales, by defendant, Midwest Acceptance Corporation, in violation of Regulation Z."
Under 15 U.S.C. § 1639(a) it is provided that a creditor is required to disclose each of the following articles to the extent applicable:
"(1) The amount of credit of which the obligor will have the actual use, or which is or will be paid to him or for his account or to another person on his behalf.
"(2) All charges, individually itemized, which are included in the amount of credit extended but which are not part of the finance charge.
"(3) The total amount to be financed (the sum of the amounts referred to in paragraph (1) plus the amounts referred to in paragraph (2))."
12 CFR 226.8(d)(1) provides that in the case of a loan or extension of credit which is not a credit sale, disclosure shall take place as follows:
"(1) The amount of credit, excluding items set forth in paragraph (e) of this section, which will be paid to the customer or for his account or to another person *640 on his behalf, including all charges, individually itemized, which are included in the amount of credit extended but which are not part of the finance charge, using the term `amount financed.'"
Defendants, on their NOTELOAN STATEMENT, itemized the amount paid to plaintiffs, $16.17, and the amount given on their behalf, $350.00, but did not total these two amounts. The plaintiffs allege that the failure of defendants to disclose the proceeds of the loan as a single sum, $366.17, constitutes a violation of the above cited sections of the Act and Regulation Z.
The Court, however, does not agree with the interpretation of these sections as provided by plaintiffs. Neither 15 U.S.C. § 1639(a) nor 12 CFR 226.8(d)(1) require the computation and identification of a single sum representing the amount given to the debtor and to others on his behalf. It is the opinion of the Court that compliance with Section 1639(a)(1) may be effected through the disclosure of several amounts separated according to the recipient. Section 1639(a)(1) itself speaks of required amounts in the alternative rather than the cumulative. More significantly, Section 1639(a)(3), when referring to the constituent parts of the amount financed, states that the figure will be comprised of "the amounts referred to in paragraph (1)", thereby indicating that more than one amount may be disclosed thereunder. Accordingly, the Court rejects plaintiffs' assertion in this regard.
In subparagraph (f) of paragraph 10 of their complaint, plaintiffs assert that "defendants failed to clearly and conspicuously disclose the amount or method of computing the amount of default or delinquent charges, in violation of § 226.6(a) and § 226.8(b)(4) of Regulation Z."
12 CFR 226.6(a) calls for the clear and conspicuous presentation of disclosures required by the Act, while 12 CFR 226.8(b)(4) provides for the following disclosure:
"(4) The amount, or method of computing the amount, of any default, delinquency, or similar charges payable in the event of late payments."
It is the contention of plaintiffs that the portion of the NOTELOAN STATEMENT entitled "Prepayment, Default and Extension", does not clearly and conspicuously disclose the amount of default charges or their manner of computation.
This Court, however, finds that defendants have complied with the disclosure required by 12 CFR 226.6(a) and 226.8(b)(4) regarding the presentation and substance of default charges information respectively. Mere reference to the method of computation without full explanation and description is all that is required by Regulation Z. Cf. Roberts v. National School of Radio and Television Broadcasting, 374 F.Supp. 1266 (N.D.Ga.1974) (dealing with identification of the method of computing an unearned finance charge rebate); 12 CFR 226.8(c). Full disclosure of the mechanics of computing default charges may be too complex to be informative to the consumer and tend to distract his attention from the more vital credit terms. Cf. Roberts, supra, at 1269. The provision of the NOTELOAN STATEMENT entitled "Prepayment, Default and Extension" represents a clear and unambiguous disclosure of the "method of computing the amount, of any default, delinquency, or similar charges payable in the event of late payments," and does not constitute a violation of Regulation Z.
Plaintiffs also complain in subparagraph (g) of paragraph 10 that "defendants (sic) failed to disclose itself as a creditor as defined by 226.12 [226.2](h) and (s) of Regulation A[Z] in violation of 226.6(d) of Regulation Z."
12.CFR 226.6(d) provides that "[i]f there is more than one creditor in a transaction, each creditor shall be clearly identified * * *." Both defendants are creditors for the purposes of this action as established above. Plaintiffs have chosen in their Suggestions in Support of Plaintiffs' Motion for Summary Judgment to limit *641 their allegation in this regard to defendant, Oliver Auto, and thus will be dealt with accordingly. However, it is the opinion of the Court that both creditors are sufficiently identified in compliance with 12 CFR 226.6(d).
Defendant, Oliver Auto's name appears on the face of the disclosure statement as a recipient of disbursed funds. While the better practice would require disclosure of the creditor's full address, full disclosure of the name of the creditor only is all that is required by Regulation Z. Houston v. Atlanta Federal Savings & Loan Ass'n., 414 F.Supp. 851, 859 (N.D.Ga.1976). The Court deems that technical compliance with Regulation Z is sufficient where the creditor is only an "arranger of credit." Identification of creditors in the manner set forth in the NOTELOAN STATEMENT serves only to clarify the relation of the various parties, with MAC serving as a source of funds and Oliver Auto as a recipient of funds for the benefit of the plaintiff-borrowers. A disclosure such as "Oliver Auto Inc.  Creditor", as apparently desired by plaintiffs, would only tend to mislead the borrower since Oliver Auto is not a creditor in the ordinary use of the term, but only by reason of the expanded definition of the term contained in 12 CFR 226.2(h), (s) of Regulation Z. Therefore, the Court finds adequate identification of creditor Oliver Auto in compliance with the requirements of Regulation Z.
Plaintiffs further contend in subparagraph (h) of paragraph 10 that "defendants failed to secure signatures of all borrowers in the extension of creditor insurance as provided in 226.4(a)(5)(ii) of Regulation Z."
Generally, the creditor must include credit insurance costs in the finance charge. 15 U.S.C. § 1605(b). An exception to this rule exists where the insurance coverage is optional and where, "(ii) Any customer desiring such insurance coverage gives specific dated and separately signed affirmative written indication of such desire after receiving written disclosure to him of the cost of such insurance." 12 CFR 226.4(a)(5).
In the case at bar, the NOTELOAN STATEMENT clearly indicates that credit life and disability insurance is optional. Plaintiff, George Tree, has separately signed the insurance authorization. However, plaintiffs assert that the signatures of the co-makers of the loan are also required in this instance. Plaintiffs assert that by failing to obtain the signatures of plaintiffs, Lily Tree and Raymond Whitlock, on the insurance authorization section of the note, defendants have improperly omitted insurance charges from the finance charge, and included the same in the amount financed.
The Court rejects plaintiffs' contention inasmuch as it is clearly contrary to existing authority. The signatures of all borrowers are not required in the extension of credit insurance where only one borrower desires such insurance, in order for the insurance charges to be included in the amount financed. Gerasta v. Hibernia National Bank, 411 F.Supp. 176, 188 n.34 (E.D. La.1975); Federal Reserve Board Advisory Letter No. 624 (Aug. 9, 1972), Consumer Credit Guide (CCH) ¶ 30,873. Although not binding, Board letters are entitled to great weight because they represent the "experience and informed judgment" of an agency to which Congress has delegated substantial authority. Mourning v. Family Publication Service, Inc., 411 U.S. 356, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973). The Court finds no violation of the Act or Regulation Z, specifically 12 CFR 226.4(a)(5), in this matter.
Lastly, in subparagraph (i) of paragraph 10, plaintiffs allege that "defendants disclosed the termination of the cost of credit as a percentage per month of the unpaid balance. This method of determining the cost of credit is a state requirement which is inconsistent with 226.6(b) of Regulation Z, and is in violation of the format prescribed by the Act in disclosing inconsistent state law requirements, Regulation Z, 226.6(c)(2)."
*642 Insofar as information which is not required to be disclosed by the Act or Regulation Z is supplied to the borrower, compliance with 12 CFR 226.6(c) must be had. That section establishes disclosure requirements for any supplemental information which is provided by the creditor. Two separate disclosure standards are established, one for additional information, and the other for inconsistent information required by state law. The standard to be applied depends, of course, on the type of information supplied by the creditor. The term, "inconsistent state requirements", is defined in 12 CFR 226.6(b). A state law requirement is inconsistent to the extent that it "requires a creditor to make disclosures or take actions different from the requirements of this part with respect to form, content, terminology or time of delivery * * *." 12 CFR 226.6(b)(1).
Plaintiffs claim that the disclosure of the cost of credit as a monthly percentage rate on the unpaid balance is an inconsistent state disclosure requirement. Plaintiffs cite Mo.Ann.Stat. § 408.100 (Vernon) as the source of this inconsistent state disclosure requirement.
The Court finds plaintiffs' argument in this particular to be unpersuasive. Mo.Ann.Stat. § 408.100 (Vernon) is a small loan usury law, reciting only the maximum allowable interest, and has no disclosure requirements. Missouri disclosure requirements are contained in Mo.Ann.Stat. § 408.130 (Vernon). The disclosure of the cost of credit as a percentage per month on the unpaid balance is not required by that statute or anywhere else.
Supplementary information which is not an inconsistent state requirement must presumably be additional information. Additional information may be supplied so long as it does not tend to mislead or confuse the consumer. 12 CFR 226.6(c). The information objected to by plaintiffs and the sentence in which it is contained serves only to explain the terms of the promissory note and loan involved herein. The Court finds that the determination of the cost of credit as a percentage per month on the unpaid balance is not an inconsistent state requirement, as defined in 12 CFR 226.6(b), and does not violate the disclosure requirements of 12 CFR 226.6(c) of Regulation Z.
Accordingly, the plaintiffs' motion for summary judgment is denied, and the defendants' motions for summary judgment, respectively, will be sustained, and the clerk of the Court will prepare and enter the proper order to that effect.

EXHIBIT A to follow.
*643