**In re Albert CHAPMAN, Debtor.**

**Albert L. CHAPMAN and John Boyajian, Trustee, Plaintiffs,**

**v.**

**PUBLIC FINANCE CORPORATION OF RHODE ISLAND, Defendant.**

**Bankruptcy No. 74–391.**

United States District Court,
D. Rhode Island.

Oct. 4, 1979.

John Boyajian, North Providence, R. I., for plaintiffs.

Peter D'Amico, Providence, R. I., for defendant.

## OPINION

RAYMOND J. PETTINE, Chief Judge.

This is an appeal from a decision of the Bankruptcy Court, Votolato, B. J., finding that the defendant violated the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.* Specifically, the court found that the defendant violated 15 U.S.C. § 1639(a)(1) by failing to disclose the amount of credit of which the plaintiff has the actual use. It awarded statutory damages of $1000 and attorney's fees of $2500. *See In re Chapman*, BK 75–391 (D.R.I. Aug. 24, 1977). The defendant argues on appeal that the disclosures made on its loan statement fulfilled the requirements of the TILA and that the amount of fees awarded is unreasonable.

The dispute in this case centers around the disclosure requirements of 15 U.S.C. § 1639(a), which provides in part:

Any creditor making a consumer loan . . . shall disclose each of the following items to the extent applicable:

(1) The amount of credit of which the obligor will have the actual use, or which is or will be paid to him or for his account or to another person on his behalf.

(2) All charges, individually itemized, which are included in the amount of credit extended but which are not part of the finance charge.

(3) The total amount to be financed (the sum of the amounts referred to in paragraph (1) plus the amounts referred to in paragraph (2)).

In the present case, there is no question that, the defendant complied with paragraphs (2) and (3). The loan agreement states $1852.44 as the "amount financed", and lists "charges" of $39.42 and $92.24, for credit life insurance and credit disability insurance, respectively. The loan agreement also shows the amount of $1676.80 as the "Net On Prior Account" and $43.98 as the "Cash Received and Retained by Borrower". However, the sum of these two amounts, $1,720.78, is nowhere listed, although this figure apparently is the amount of credit of which the obligor had the actual use or which was paid for his account. Because this amount was not disclosed, the plaintiff argued and the Bankruptcy Court held that the defendant violated section 1639(a)(1), *supra.*

Notwithstanding the clear requirement of the statute, the defendant argues that due to the provision of Regulation Z of the Federal Reserve Board, 12 C.F.R. § 226.1 *et seq.*, it was not required to specifically list the amount of credit of which the obligor had the actual use. Specifically, it relies on section 226.8(d)(1), which requires disclosure of:

The amount of credit, excluding items set forth in paragraph (e) of this section, which will be paid to the customer or for his account or to another person on his behalf, including all charges, individually itemized, which are included in the amount of credit extended but which are not part of the finance charge, using the term "amount financed".

12 C.F.R. § 226.8(d)(1).

The defendant argues that this regulation evidences an intent by the Federal Reserve Board to merge the disclosure requirements of section 1639(a)(1)–(2) into a single disclosure under the term "amount financed".

Several courts, including this one, have previously held that the disclosure requirement of section 1639(a)(1) is absolute. *See Pollock v. General Finance Corp.,* 535 F.2d 295 (5th Cir. 1976); *Boyajian, Trustee, v. Avco Loan and Investment Co.,* C.A. No. 75–178 (D.R.I. Feb. 7, 1977) (Day, Judge); *Ballew v. Associates Financial Service Co. of Nebraska, Inc.,* 450 F.Supp. 253 (D.Neb. 1976); *In re Brown,* BK–75–312 (D.R.I. April 10, 1978) (Votolato, B. J.); *In re Dunne,* BK 75–1 (D.R.I. July 3, 1975) (Votolato B. J.), *aff'd on other grounds,* D.C., 407 F.Supp. 308 (1976). One court, however, has rejected the rationale of *Pollock, supra,* and held that the provision of Regulation Z superseded those of the statute. *See DeJaynes v. General Finance Corp. of Illinois,* 442 F.Supp. 377 (S.D.Ill.1977). The defendant argues that in light of *DeJaynes* the Court should reconsider its holding in *Boyajian, Trustee, v. Avco Loan and Investment Co., supra,* which relied upon *Pollock,* and hold that disclosure of the amount actually available is not required if the "amount financed" is disclosed pursuant to 12 C.F.R. § 226.8(d)(1).

With all due respect, the Court finds the reasoning of the *DeJaynes* court faulty and concludes that the *Pollock* approach is more persuasive. While it is true that 12 C.F.R. § 226.8(d)(1) requires disclosure, under the term "amount financed", of the total amount of credit, including all charges which are included in the amount of credit but which are not part of the finance charge, proper completion of this requirement only fulfills the obligation imposed by 15 U.S.C. § 1639(a)(3). It does not relieve the creditor of the additional statu-

tory requirement that there be separate disclosure of the components of this total. This conclusion does not make the Court a "super legislator", as the *DeJaynes* court concludes and the defendant here argues; it only recognizes the requirement of the statute. Nothing in 12 C.F.R. § 226.8(d)(1) indicates an intention to exempt from disclosure the component parts of the "Amount Financed;" that regulation only states a specific manner in which the requirement of 15 U.S.C. § 1639(a)(3) must be fulfilled. The regulation and the statute exist harmoniously; the regulation does not exempt, it only specifies a manner of compliance with part of the statute. Therefore, the Court concludes that the defendant is required to disclose "The amount of credit of which the obligor will have the actual use, or which is or will be paid to him or for his account or to another person on his behalf." 15 U.S.C. § 1639(a)(1).

However, citing *Basham v. Finance America Corp.*, 583 F.2d 918 (7th Cir. 1978), the defendant argues that because it relied on Regulation Z, 12 C.F.R. § 226.-8(d)(1), no civil liability may be imposed for failing to make the disclosure required by section 1639(a)(1). It is true that under 15 U.S.C. § 1640(f) reliance on a regulation may prevent imposition of civil liability under the TILA. However, this Court respectfully disagrees with the *Basham* court's conclusion that reliance on 12 C.F.R. § 226.8(d)(1) justifies failure to make the disclosure required by section 1639(a)(1). As already noted, these two provisions exist harmoniously, not in conflict. The logic of the defendant's argument would permit it to excuse a failure to make any disclosure required by the statute but not specifically mentioned in a regulation solely by stating that it had relied on the regulations. Therefore, the Court concludes that the defense provided by 15 U.S.C. § 1640(f) does not apply to this case.

The defendant also argues that the charges for credit life and credit disability insurance constitute credit paid to the debtor on his account and therefore that the "amount financed" is equivalent to the amount required to be disclosed by section 1639(a)(1). This argument must also be rejected. As this court noted in *Boyajian, Trustee, v. Avco Loan and Investment Co., supra,* the cost of voluntary credit insurance is a "charge" within the meaning of section 1639(a)(2); consequently, it cannot be considered part of the amount of credit paid to the debtor on his account within the meaning of section 1639(a)(1). *Accord, Pollock v. General Finance Corp., supra,* 535 F.2d at 298–99.

A more difficult question is raised by the defendant's argument that even if it is required to state separately the disclosure required by section 1639(a)(1), it has effectively done so. As already noted, the loan agreement listed the amount of cash which the plaintiff received and an amount of money delineated as "net due on prior account". The defendant, citing *Whitlock v. Midwest Acceptance Corporation,* 449 F.Supp. 631 (E.D.Mo.1977), argues that such separate disclosure of the component parts of the information which must be disclosed under section 1639(a)(1) is sufficient to comply with the law. In *Whitlock,* the court stated

(C)ompliance with Section 1639(a)(1) may be effected through the disclosure of several amounts separated according to the recipient. Section 1639(a)(1) itself speaks of required amounts in the alternative rather than the cumulative. More significantly Section 1639(a)(3), when referring to the constituent parts of the amount financed, states that the figure will be comprised of "the amounts referred to in paragraph (1)", thereby indicating that more than one amount may be disclosed thereunder.

*Id.* at 640.

This reasoning is not without merit; just as a creditor *must* separately state the disclosure requirements of section 1639(a)(2), it can be argued, so *may* it state separately

each part of the disclosure required by section 1639(a)(1).[1]

■ However, two other courts have come to the opposite conclusion. *Smith v. World Finance Corp.*, C.A. No. C76–107G (N.D.Ga. June 19, 1978); *Blair v. Sun Finance Co.*, C.A. No. 77–67–ATH (M.D.Ga. July 12, 1978). In *Smith, supra*, the court held that the total sum of the loan proceeds must be disclosed,

> because only by comparing this sum with the "amount financed" and the "total of payments" can the borrower truly appreciate the costs and benefits of obtaining a particular loan. Itemization of the loan proceeds may be helpful, but only where the total amount is also disclosed. Although the plaintiffs could have determined the total amount of the loan proceeds herein by simple arithmetic, they are not required to perform any computations to derive the disclosure to which they are entitled. *Pollock v. General Finance Corp.*, 535 F.2d 295 (5th Cir. 1976). *Id.* slip op. at 2.

Shortly after this decision, the court in *Blair, supra*, elaborated upon this reasoning:

> There is indeed good reason to reject itemization of the loan proceeds without disclosure of the total. With the information presented in the defendant's Disclosure Statement, a borrower can compute the loan proceeds by adding two figures together. However, accepting the principle of itemization of loan proceeds would allow a lender to expand his itemization to the extent that a borrower could not make sense out of the figures

without actually doing a lengthy computation. It is clear that the debtor is not required to make *any* computation to arrive at the figures required to be disclosed.
*Id.*, slip op. at 3.

This Court finds the reasoning of these two decisions more persuasive than that in *Whitlock, supra*. Only if the total amount of credit which is made available is actually disclosed can the borrower meaningfully determine the cost of that credit. That it is the total amount of credit made available which is significant, not the constituent parts of that amount, is further supported by the conclusion of both the Fifth Circuit and the Federal Reserve Board staff that if the total is given, the constituent parts need not be separately listed. *McGowan v. Credit Center of North Jackson, Inc.*, 546 F.2d 73, 76 (5th Cir. 1977); Official Staff Interpretation No. FC–114, 12 C.F.R. § 226 Appx.

■ Consequently, the Court concludes that 15 U.S.C. § 1639(a)(1) requires the disclosure as a single amount of the total amount of credit made available, and that this requirement cannot be fulfilled by disclosure of the constituent parts of this total. Because the defendant failed to disclose this total anywhere on its loan agreement, it has violated the requirements of the TILA. Therefore, the liability finding of the Bankruptcy Court must be affirmed.

■ The defendant argues that the amount of attorneys' fees awarded by the Bankruptcy Court is unreasonable. It suggests that following the Bankruptcy Court's

---

1. Since the above was written, counsel called to the Court's attention *Barbieri v. Commercial Credit Loans, Inc.*, 596 F.2d 660 (5th Cir. 1979) wherein the court stated:

> The statute does not require disclosure of the "total amount of credit" or of any other information which would unequivocally mandate the use of a single lump sum figure. *Id.* at 661–662.

I respectfully disagree; as the plaintiff argues, first, the Act states that a creditor ". . . shall disclose *each* of the following items . . ."; secondly, 15 U.S.C. § 1639(a)(2), in which Congress wanted the charges involved in the transaction not to be stated as one sum but

rather to be stated individually, specifically stated that a creditor shall disclose "all charges, *individually itemized*." (emphasis added). Certainly if Congress intended § 1639(a)(1) to be treated as the *Barbieri* court holds, it would have so stated.
Finally, the holding of the *Barbieri* court, as I see it, runs contra to the whole purpose of the Act, which is to

> . . . assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uniformed use of credit. 15 U.S.C. § 1601.

**506**

decision on July 3, 1975 in *In re Dunne, supra*, the plaintiff should have sought summary judgment in this case and not proceeded to trial. The plaintiff responds that the question of whether the amount of time spent on the case was reasonable is a question of fact for the bankruptcy judge which should be accepted on appeal unless clearly erroneous. *See* Bankruptcy Rule 810.

■ The Court agrees with the plaintiff. It is not within the scope of this Court's review to determine whether the decision to proceed to trial rather than file a motion for summary judgment was so unreasonable as to unjustifiably result in an excess of time spent on the case. Furthermore, absent an egregious difference in time, the Court should rarely question the tactical decision involved in trying a case rather than filing a motion for summary judgment. Therefore, the Court will not disturb the fee award determined by the bankruptcy court.

The Court concludes that notwithstanding the provisions of 12 C.F.R. § 226.8(d)(1), a creditor is required by 15 U.S.C. § 1639(a)(1) to disclose separately "the amount of credit of which the obligor will have the actual use, or which is or will be paid to him or for his account or to another person on his behalf". *Id.* The Court further concludes that this requirement cannot be met by disclosure of the constituent parts of this amount; the actual total must be disclosed. Because the defendant failed to disclose this amount, it violated the requirements of the TILA. The Court also finds that the award of attorneys' fees by the Bankruptcy Court is proper. Therefore, the judgment of the Bankruptcy Court is hereby affirmed.