In re Mario **CARDILLO** and Linda Cardillo, Debtors.

John **BOYAJIAN**, Trustee, Plaintiff,

v.

**AVCO LOAN & INVESTMENT CO.**, Defendant.

Adv. No. 810173.
Bankruptcy No. 8100058.

United States Bankruptcy Court, D. Rhode Island.

April 13, 1982.

Alden C. Harrington, Boyajian, Coleman & Harrington, Providence, R. I., for trustee.

Samuel A. Olevson, Pucci & Goldin, Inc., Providence, R. I., for defendant.

## ORDER AWARDING DAMAGES FOR VIOLATION OF TRUTH IN LENDING ACT

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

The Court in this case is asked to determine the damages to be assessed against the Defendant for its admitted violation of the Federal Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq. (Truth in Lending).

On June 16, 1980, the Defendant, Avco Loan & Investment Co., entered into a loan agreement with the Debtors, and provided them with a copy of the Statement of Loan as a "disclosure statement." The Debtors filed a Chapter 13 petition on February 13,

1981, and on June 9, 1981, the Trustee filed a complaint alleging that Avco had violated the Truth in Lending Act by failing to make certain required disclosures. In its answer Avco admitted the allegations that as part of the June 16 loan it sold the Debtors a membership in the Motor Club of America[1] (MCA), and that it violated the Truth in Lending Act by failing to make all the required disclosures for a credit sale. Consequently, the only issue to be determined is the amount of damages to be assessed against Avco.

Avco's liability in this case is specifically established by the Truth in Lending Act, which provides:

(a) Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part of part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

. . . .

(2)(A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction, . . . except that the liability under this subparagraph shall not be less than $100 nor greater than $1,000;

15 U.S.C. § 1640(a)(2)(A)(i).

The Trustee argues that since the finance charge in this transaction is $1,978.98, each Debtor should recover the $1,000 maximum allowed under the statute.

Avco, however, contends that the recovery should be limited to the $100 per customer minimum, on the ground that, although the finance charge applicable to the MCA credit sale was undisclosed, it would be less than one-half of the sale price, i.e., $45.

Avco's argument that damages should be limited to an award based on some undisclosed finance charge in connection with the credit sale is without merit. The Truth in Lending Act unambiguously sets the civil liability as twice the amount of any finance charge, with a maximum of $1,000. When

---

1. The Statement of Loan showed a deduction of $90 paid to Motor Club of America.

a statute is not ambiguous, "[the] best indication of the intent of Congress is, of course, the literal wording of the statute itself." *Busse v. Commissioner*, 479 F.2d 1147, 1151 (7th Cir. 1973); *see also In re Upright*, 1 B.R. 694, 5 B.C.D. 1124 (Bkrtcy. N.D.N.Y.1979). The statute in question is clear and requires no interpretation.

The Defendant relies on *Cody v. Community Loan Corp.*, 606 F.2d 499 (5th Cir. 1979), cert. denied, 446 U.S. 988, 100 S.Ct. 2973, 64 L.Ed.2d 846 (1980) for the proposition that damages should be limited to $100. After careful examination of that decision, this Court finds it to be devoid of any reason or rationale to justify a departure from the general rule that courts should adhere to unambiguous statutory language.

Since the finance charge in this transaction is $1,978.98, Avco is liable to each Debtor[2] in the amount of $1,000.

---

**2.** Each Debtor is entitled to collect the damages assessed pursuant to 15 U.S.C. § 1640(a)(2)(A)(i). *Tarplain v. Baker Ford, Inc.*, 466 F.Supp. 1340 (D.R.I.1979), reversed on other grounds, 618 F.2d 94 (1st Cir. 1980); *Boyajian v. Associates Financial Services Co. (In re Sherman)*, 13 B.R. 259 (Bkrtcy.D.R.I. 1981).