**In re POLYTOP CORPORATION, Debtor.**

**POLYTOP CORPORATION, Plaintiff,**

v.

**GLOBE PLASTICS, INC., Defendant.**

**Bankruptcy No. 79–220.**

United States Bankruptcy Court, D. Rhode Island.

June 18, 1982.

Edward J. Bertozzi, Jr., Edwards & Angell, Providence, R.I., for plaintiff.

William C. Hillman, Strauss, Factor, Hillman & Lopes, P.C., Providence, R.I., for defendant.

## ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

The issue is whether the Defendant, Globe Plastics, Inc., violated a July 16, 1979 restraining order by filing a complaint against the Debtor, Polytop Corporation, in the Superior Court of California.

The facts are not in dispute. The Debtor filed a Chapter 11 petition on July 16, 1979, and on that same day this Court issued an order which prohibited the commencement of any action against the Debtor. After obtaining Court approval, the Debtor sold certain assets to Globe. Then, on November 12, 1980, with knowledge of the July 16 order, Globe filed a complaint in the Superior Court of California naming the Debtor

and one of its employees as defendants. Service of process was not completed at that time. The Debtor's plan of arrangement was confirmed on November 24, 1980, and the Chapter 11 case was closed on May 22, 1981. The Debtor was served with process in the California action on January 29, 1982.

The Debtor argues that the filing of the complaint in California is a violation of the July 16, 1979 order, and requests that Globe be directed to dismiss the California action.

Globe contends that the order in question remained in effect only until the close of the Chapter 11 case on May 22, 1981, and that since Globe did not actually serve Polytop in the California action until after that date, there was no violation of the order in question.

The Court has jurisdiction of this matter pursuant to its November 24, 1980 Order Confirming Plan, which provides that the Court "shall retain jurisdiction of this case, pursuant to sections 368 and 369 of the Bankruptcy Act, until consummation of the plan..." It is undisputed that although the case has been closed, the plan has not been fully consummated.

Paragraph 9 of the Court's July 16, 1979 order states:

That all persons, firms and corporations are hereby enjoined from instituting, commencing, prosecuting or continuing the prosecution of any actions, suits or proceedings at law or in equity, or under any statute, against the debtor...until after entry of the final decree herein.

Globe admits that it named Polytop as a defendant in the California case on November 12, 1980. The order closing the case was not entered until May 22, 1981. Globe also concedes that under California law a civil action is commenced by filing a complaint. Cal.Civ.Proc. § 411.10; *see also* Fed.R.Civ.P. 3.

Since the California statute is unambiguous, its literal wording best indicates Legislative intent. *See generally Busse v. Com-*

*missioner*, 479 F.2d 1147, 1151 (7th Cir. 1973); *Boyajian v. Avco Loan & Investment Co. (In re Cardillo)*, 19 B.R. 400 (Bkrtcy.D.R.I.1982). Therefore, based on the plain meaning of the California Code of Civil Procedure and this Court's July 16, 1979 order, I conclude that the Defendant violated said order by commencing an action against the Debtor prior to the entry of the order closing this case.

Globe's alternative contention that any violation was merely technical is without merit. By filing a complaint against Polytop, Globe knowingly violated this Court's restraining order. The Defendant may not avoid responsibility for the commission of that violation by waiting until entry of the final decree to complete service.[1]

Accordingly, the Defendant is ordered to dismiss its pending suit in the California Superior Court.

---

1. Contrary to the conclusions in the affidavit filed by the Defendant, its actions in this matter indicate a scheme calculated to circumvent the operation of the restraining order in question, and in my view the Defendant's violation of the order in question is neither innocent nor technical.