In re Robert C. KING, Mary C. King, Debtors.

John BOYAJIAN, Trustee, Plaintiff,

v.

PUBLIC FINANCE CORPORATION OF RHODE ISLAND, Defendant.

Bankruptcy Nos. 75–634, 75–635.

United States Bankruptcy Court, D. Rhode Island.

Nov. 3, 1983.

John Boyajian, Trustee, Boyajian, Coleman & Harrington, Providence, R.I., for plaintiff.

Peter P. D'Amico, D'Amico, Gelineau & Connor, Providence, R.I., for defendant.

## DECISION GRANTING TRUSTEE'S MOTION TO ENTER JUDGMENT

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on September 6, 1983 on the trustee's motion for entry of judgment on an amended complaint which alleges that the defendant, Public Finance Corporation of Rhode Island, violated both the federal Truth in Lending Act (Count I) and the Rhode Island Small Loan Business Act (Count II).

## COUNT I

On March 17, 1975, the debtors entered into a consumer credit loan transaction with Public Finance. In Count I of his amended complaint, the trustee alleges that Public Finance violated the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and Regulation Z, 12 C.F.R. Part 226. Hearings were held in 1977, and "[a]t the conclusion of the trial, the Court indicated that it would enter judgment in favor of plaintiff" on the

ground that Public Finance violated 15 U.S.C. § 1639(a) by failing "to disclose the amount of credit of which the obligor had the actual use." Trustee's Memorandum of Law in Support of Motion to enter Judgment at 2. Public Finance does not dispute the trustee's version of the results of the 1977 hearings, but argues that it did not violate 15 U.S.C. § 1639(a) and urges that the rationale which it provided to the U.S. District Court for the District of Rhode Island in a recent case should dispose of the issue in favor of Public Finance. In the case now relied on by the defendant, the District Court clearly rejected Public Finance's arguments, holding that to accept those contentions "would be blithely to read section 1639(a)(1) out of existence." *Daigneault v. Public Finance Corp.,* 562 F.Supp. 194, 197 (D.R.I.1983). The District Court in *Daigneault* noted that the First Circuit Court of Appeals has not specifically decided whether § 1639(a) "mandates disclosure of the net loan proceeds" and that "[o]ther circuits are in apparent conflict on this issue." *Id.* at 196. Public Finance takes some comfort from the fact, however, that since the entry of judgment in *Daigneault,* the Eleventh Circuit Court of Appeals has reversed its earlier holding on this issue and now holds that 15 U.S.C. § 1639(a)(1) does not require "a disclosure of net loan proceeds separate from other required or permitted disclosures." *Sage v. Freedom Mortgage Co.,* 704 F.2d 1519, 1519 (11th Cir.1983). We do not assume, as the defendant appears to imply, that the *Sage* decision would alter either the reasoning used or the conclusions reached by the Rhode Island District Court in *Daigneault.* Accordingly, and in the absence of a more specific mandate for change than has been provided by the defendant, we follow the consistent series of decisions on this point in the District of Rhode Island, and grant the trustee's motion to enter judgment as to Count I. 15 U.S.C. § 1640(a) requires that damages be assessed.[1] Damages are twice

---

1. 15 U.S.C. § 1640 has been amended by Pub.L. 96–221, Title VI, § 615, 94 Stat. 180 (1980), effective October 1, 1982. Among other

changes, Pub.L. 96–221 amends § 1640 to provide that when there are multiple obligors in a consumer credit transaction, there shall be no

the amount of the finance charge, not to exceed $1000 for each debtor,[2] 15 U.S.C. § 1640(a)(2)(A)(i), plus the costs of the action and reasonable attorney's fees, § 1640(a)(3). Because doubling the finance charge would exceed $1000, damages are limited to $1000 for each debtor. The trustee should file an application for fees and costs in connection with the prosecution of Count I of this proceeding within ten days.

Entry of judgment on this matter was delayed at the conclusion of the August 24, 1977 hearing because a case with similar issues was then on appeal from this Court to the United States District Court for the District of Rhode Island. *See Chapman v. Public Finance Corp.*, BK No. 75–391 (Bkrtcy.D.R.I. Aug. 24, 1977), *aff'd*, 1 B.R. 501 (D.R.I.1979). It was the trustee's responsibility to move for entry of judgment here when *Chapman* was affirmed. The defendant should not be penalized by the trustee's delay, and, accordingly, no interest or costs are assessed for the time which has elapsed since October 4, 1979, the date that *Chapman* was affirmed.

## COUNT II

In Count II of his amended complaint, the trustee alleges that Public Finance violated the laws of Rhode Island pertaining to Small Loan Business, R.I. GEN.LAWS § 19–25–1 *et seq.*, in failing to "[d]eliver to the borrower at the time any loan is made a statement . . . showing . . . the nature of the security, if any, for the loan. . . ." § 19–25–30. Public Finance states in its Memorandum of Law that the debtors "signed a security agreement clearly indicating that they granted Defendant a security interest in all household goods," and that *"[a] copy of said agreement was given to Plaintiffs."* Defendant's Memorandum at 2 (emphasis added). The trustee stated at the hearing on the matter, how-

ever, that he had reviewed tapes of prior testimony in which Public Finance admitted that the debtors did not receive a copy of the agreement in question. Counsel for Public Finance then withdrew its contention that the debtors had received a copy of the agreement. There being no issue of fact or law as to this allegation, we must conclude that Public Finance violated the Rhode Island Small Loan Business Act.

The trustee further contends that the penalty, as prescribed by R.I.GEN. LAWS § 19–25–36, is that the "contract of loan . . . shall be void and the lender shall have no right to collect or receive any principal, interest, or charges whatsoever." We agree with that contention, in the absence of any cogent opposition or argument by Public Finance.

The final argument of Public Finance is that if the loan is determined to be void, then it must be considered void *ab initio,* and there can therefore be no Truth in Lending Act violation. Public Finance provides no support for this curious contention, but the trustee has cited cases holding otherwise. *See, e.g., Pinkett v. Credithrift of America, Inc.,* 430 F.Supp. 113, 115 (N.D. Ga.1977). The Court accepts the trustee's interpretation of the current case law on this point.

The trustee's motion to enter judgment is granted both as to Counts I and II.

Enter judgment accordingly.

---

more than one recovery of damages under § 1640(a)(2). This amendment was not in effect at the time of the violation, and the unamended version of § 1640 therefore applies.

**2.** Each co-obligor is entitled to a separate award of damages. *Tarplain v. Baker Ford,*

*Inc.,* 466 F.Supp. 1340 (D.R.I.1979), *rev'd on other grounds,* 618 F.2d 94 (1st Cir.1980); *Boyajian v. Avco Loan & Investment Co. (In re Cardillo),* 19 B.R. 400 (Bkrtcy.D.R.I.1982). *See supra* note 1 (provision for separate damage awards amended by Pub.L. 96–221).