Beverly E. **GRESHAM**

v.

**TERMPLAN, INC. WEST END**

**Civ. A. No. C78–2234A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Nov. 8, 1979.

Ralph Goldberg, Bowen, Derrickson, Goldberg & West, Atlanta, Ga., for plaintiff.

Richard V. Karlberg, Jr., Atlanta, Ga., for defendant.

**ORDER**

TIDWELL, District Judge.

The above-styled matter is before the Court on the Magistrate's Report and Recommendation upon Plaintiff's Motion for Summary Judgment. Plaintiff seeks statutory damages, costs, and attorney's fees for alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.,* and Regulation Z, 12 C.F.R. § 226.1 *et seq.,* in connection with a consumer credit transaction between the parties.

Pursuant to Plaintiff's Motion for Summary Judgment, the Magistrate found that Defendant had violated the Act and Regulation Z by including the state law terms ("LOAN FEE") among the terminology prescribed by 12 C.F.R. § 226.8(d)(2) for disclosure of prepaid finance charges ("PREPAID FINANCE CHARGE"). Finding that this single violation was sufficient to impose liability under the Act, the Magistrate recommended that Plaintiff's Motion for Summary Judgment be granted.

Defendant objected to the Report and Recommendation of the ground that the non-Federal language merely supplied "additional information" which does not obscure or detract from the required disclosure, as allowed by Regulation Z, 12 C.F.R. § 226.6(c).

Under *Ga.Code Ann.* § 25–319, a licensed lender is required to disclose the amount of interest and fees to the borrower. The lender is allowed to charge a "fee for making loan" under *Ga.Code Ann.* § 25–315(b) of 8% on the first $600 of the face amount, plus 4% of the excess. It thus appears that Defendant's use of the term "LOAN FEE" is an attempt to comply with disclosure provisions in Georgia law. State law is inconsistent with the requirements of the Truth in Lending Act to the extent that it requires the creditor to make disclosures different from the Federal requirements with respect to form or terminology. 12 C.F.R. § 226.6(b)(1)(i).

██ The language of Regulation Z, 12 C.F.R. § 226.6(c), makes it clear that if a creditor elects to make disclosures under state law which are inconsistent with the requirements of the Federal Truth in Lending Act, he may do so on the same statement if: (1) all Federal disclosures appear separately and above any other disclosures, (2) Federal disclosures are identified by a "clear and conspicuous" heading indicating that they are made in compliance with Federal law, and (3) all inconsistent disclosures appear separately and below a conspicuous demarcation line and are identified by a clear and conspicuous heading indicating that the statements made thereafter are inconsistent with the disclosure requirements of Federal Truth in Lending. 12 C.F.R. § 226.6(c)(2)(i), (ii), (iii).

Defendant here made use of the terms "LOAN FEE" in two separate portions of its contract form. In compliance with 12 C.F.R. § 226.6(c)(2)(iii), Defendant placed a conspicuous demarcation line on its form with the words, "STATE DISCLOSURES THAT ARE INCONSISTENT WITH THE FEDERAL TRUTH IN LENDING ACT", immediately below it. The following boxed-in format can be found in that lower portion of the contract:

| Loan Fee | (4%) | $ NONE |
| Loan Fee | (8%) | $33.60 |

However, the terms "LOAN FEE" are also found in the boxed-in format containing the Federal terminology "PREPAID FINANCE CHARGE" (located above the demarcation line), under which the words "NONE" and the amount "$33.60" appear:

| PREPAID FINANCE CHARGE | |
| LOAN FEE | LOAN FEE |
| NONE | $33.60 |

The Court concludes that inclusion of the terms "LOAN FEE" in the Federal disclosure format, in the manner displayed by Defendants in this case, is in violation of 12 C.F.R. § 226.6(c)(2)(i) and (ii).

██ Mingling of inconsistent state disclosures with the terminology required by § 226.8(d)(2) of Regulation Z is not permissible. *See Ford v. General Finance Corp. of Ga.*, Civil No. C78–328A (N.D.Ga.1979) (Edenfield, J.). Accordingly, the Magistrate's Report and Recommendation upon Plaintiff's Motion for Summary Judgment is approved and adopted as the Order of this Court, with the addition of the foregoing reasoning. Plaintiff's Motion for Summary Judgment is hereby granted and sustained, and Plaintiff is hereby awarded the sum of $211.20 plus costs and reasonable attorney's fees. Plaintiff's attorney is directed to submit an application for attorney's fees within ten (10) days from the entry of this Order, and Defendant shall be allowed ten (10) days from receipt of Plaintiff's application in which to object.

Defendant's Motion to Dismiss its counterclaim (which was rendered moot by Plaintiff's satisfaction of the debt) is hereby granted and sustained.

SO ORDERED, this 8 day of November, 1979.