**Roger BLALOCK, Plaintiff,**

v.

**AETNA FINANCE COMPANY, Defendant.**

**Civ. A. No. C79–666A.**

United States District Court, N. D. Georgia, Atlanta Division.

March 28, 1980.

Ralph Goldberg, Bowen, Derrickson, Goldberg & West, Atlanta, Ga., for plaintiff.

Lewis N. Jones, Atlanta, Ga., for defendant.

## ORDER

SHOOB, District Judge.

This matter is before the Court on the recommendation of the Magistrate that defendant's motion for summary judgment be granted and that plaintiff's motion for summary judgment be denied. Plaintiff has alleged that the document which defendant furnished him in connection with a closed-end consumer loan violated truth in lending law in three respects.

Two of plaintiff's contentions concern the disclosure of the prepaid finance charge, made in the following manner:

PREPAID FINANCE CHARGE
4% FEE (A)   8% FEE (B)
$10.76       $48.00

First, plaintiff argues that failure to total the 4% fee and the 8% fee as a single prepaid finance charge violated truth in lending law. The Magistrate found that this issue had been resolved in defendant's favor in earlier cases, and plaintiff has not objected to that finding.

Second, plaintiff contended that the terms "4% FEE(A)" and "8% FEE(B)" were not set forth in the manner required by truth in lending law. The Magistrate found that this issue, too, had been resolved in defendant's favor in earlier cases, and plaintiff has objected to that finding.

The terminology "PREPAID FINANCE CHARGE" is required by truth in lending law. 12 C.F.R. §§ 226.6(a), 226.8(d)(2). The terms "4% FEE(A)" and "8% FEE(B)" are supplied pursuant to Ga.Code Ann. §§ 25–315(b) and 25–319. Plaintiff contends that the state law is "inconsistent" with the requirements of truth in lending law within the meaning of 12 C.F.R. § 226.6(b)(1)(i). Disclosure of terms specified in "inconsistent" state law on the same statement as

disclosures required by truth in lending law must be made as described in 12 C.F.R. § 226.6(c)(2). That section would require the federal law terminology to appear above the state law terms and to be identified by a clear and conspicuous heading indicating that it is disclosed in compliance with federal law, and it would require the state law terms to appear below a conspicuous demarcation line and to be identified by a clear and conspicuous heading indicating that they are inconsistent with the disclosure requirements of federal law.

State law is "inconsistent" with the requirements of truth in lending law if it requires a creditor to make disclosures different from those required by federal law as to form, content, terminology or time of delivery. 12 C.F.R. § 226.6(b)(1)(i). Plaintiff's position is that the terminology "4% FEE(A)" and "8% FEE(B)", specified in state law, is different from the terminology required by truth in lending law, "prepaid finance charge." Several recent cases in this district support that position. *Clifton v. American Finance System*, C78–301A (N.D.Ga. February 11, 1980) (Freeman, J.); *Flemings v. General Finance Corporation*, C78–719A (N.D.Ga. December 11, 1979) (Edenfield, J.); *Gresham v. Termplan, Inc.*, 480 F.Supp. 149 (N.D.Ga.1979) (Tidwell, J.); *Ford v. General Finance Corporation*, C78–328A (N.D.Ga. June 4, 1979) (Edenfield, J.). This Court, however, finds the terms "4% FEE(A)" and "8% FEE(B)" to be additional or explanatory material and not terms specified in inconsistent state law. This finding is based on the Court's construction of 12 C.F.R. § 226.6(b)(1)(i).

The Federal Reserve Board is empowered by the Truth in Lending Act to prescribe regulations to carry out the purpose of the act, 15 U.S.C. § 1604, and its regulations must be construed to further the purpose of truth in lending law. The purpose of the Truth in Lending Act relevant to this action is

> to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit . . .

15 U.S.C. § 1601(a). This Court construes 12 C.F.R. § 226.6(b)(1)(i) to mean that state law is inconsistent with the requirements of truth in lending law when it requires the use of terminology enough different from that required by federal law that it would prevent a meaningful disclosure of credit terms and contribute to the uninformed use of credit. Otherwise the state law terminology is "additional information" or "explanations" as contemplated in 12 C.F.R. § 226.6(c).

The terms "4% FEE(A)" and "8% FEE(B)" are not so different from the terminology "prepaid finance charge" to prevent a meaningful disclosure of credit terms or to contribute to the uninformed use of credit. Instead the terms are found to be explanations of the state law charges that comprise the prepaid finance charge. The manner in which such explanations must be disclosed is set forth at 12 C.F.R. § 226.6(c). The explanations must not be stated, utilized or placed so as to mislead or confuse the customer or to contradict, obscure or detract attention from the information required by truth in lending law. Defendant's disclosure of the explanatory material meets this requirement. *See Smith v. World Finance Corporation*, C77–12G (N.D.Ga. July 12, 1978) (O'Kelley, J.).

Plaintiff's final contention is that defendant failed to properly disclose its security interest in proceeds of insurance which it required plaintiff to carry on the property which was collateral for the loan. Defendant argues that it had not obtained a security interest in proceeds of the insurance, but the Magistrate found otherwise and that finding is not objected to. The Magistrate also found that defendant adequately disclosed the security interest, and plaintiff has objected to that finding.

Defendant disclosed that it had a security interest in particular property and the proceeds of that property along with all replacements and substitutions for it, but plaintiff contends that such is not a disclosure of a security interest in proceeds of

insurance on that property. The case on which plaintiff primarily relies, *Edmondson v. Allen-Russell Ford, Inc.*, 577 F.2d 291 (5th Cir. 1978), *cert. denied sub nom. Ford Motor Credit Company v. Edmondson*, 441 U.S. 951, 99 S.Ct. 2180, 60 L.Ed.2d 1057 (1979), held that disclosure of a security interest in a particular car and the proceeds thereof was not adequate disclosure of a security interest in returned or unearned premiums for insurance on the car. The case before this Court involves payments of insurance proceeds and not returned or unearned insurance premiums.

The disclosure requirement under truth in lending law is that there be

[a] description or identification of the type of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates or, if such property is not identifiable, an explanation of the manner in which the creditor retains or may acquire a security interest in such property which the creditor is unable to identify.

12 C.F.R. § 226.8(b)(5). In the *Edmondson* case, the Fifth Circuit set forth the following analysis of this disclosure requirement:

We must assess the adequacy of disclosure, at least in part, by the audience for which disclosure was intended. We cannot imagine that to an audience composed of ordinary laypersons engaged in consumer credit transactions, the contractual reference to the property and the proceeds thereof could mean more than the car itself *and substitutes for the car received on its sale, exchange, or other disposition.* (Emphasis added.)

577 F.2d at 296. In a footnote the court pointed out that under Georgia law proceeds includes insurance payable by reason of loss or damage to the collateral. The court found that returned or unearned insurance premiums, however, are "in no sense a substitute for the specified collateral ... and cannot be held to constitute its proceeds." *Id.*

Of the other cases cited by plaintiff, only one addresses the question of whether disclosure of a security interest in specified collateral and its proceeds is a sufficient disclosure of a security interest in proceeds of insurance on the collateral. *Arias v. Albuquerque National Bank*, 78–532 (D.N.M:1978) held that the *Edmondson* case required a finding that such a disclosure was insufficient. This Court finds, however, that the discussion in the *Edmondson* case suggests that disclosure of a security interest in proceeds of particular property and replacements and substitutions for the property is an adequate disclosure of a security interest in insurance payments which substitute for the property.

In summary, the report and recommendation of the Magistrate is APPROVED and ADOPTED as the order of this Court. Defendant is entitled to summary judgment.