**Beverly E. GRESHAM, Plaintiff-Appellee,**

v.

**TERMPLAN INC. WEST END, Defendant-Appellant.**

No. 80–7931
Summary Calendar.

United States Court of Appeals, Fifth Circuit. Unit B

June 18, 1981.
Rehearing Denied Aug. 13, 1981.

Richard V. Karlberg, Jr., Gambrell, Russell & Mobley, Douglas N. Campbell, Atlanta, Ga., for defendant-appellant.

Ralph Goldberg, Atlanta, Ga., for plaintiff-appellee.

Before GODBOLD, Chief Judge, and KRAVITCH and HATCHETT, Circuit Judges.

GODBOLD, Chief Judge:

Plaintiff brought this action for violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* and Regulation Z, 12 CFR § 226.1 *et seq.* arising out of a $420 consumer loan she received from defendant Termplan. The district court granted summary judgment for plaintiff, 480 F.Supp. 149 (N.D.Ga.1979). On appeal Termplan contends that the district court erred in holding that the manner in which the term "loan fee" was disclosed underneath the federally required term "prepaid finance charge" constituted an inconsistent disclosure proscribed by 12 CFR § 226.6(c). The regulation prohibits creditors from mingling state and federal disclosure requirements "so as to mislead or confuse the customer . . . or contradict, obscure, or detract attention from the information required by [Regulation Z] to be disclosed." [1]

Among the disclosures required by federal law is the "prepaid finance charge," 12 CFR § 226.8(d)(2). Termplan included this disclosure in the upper portion of the loan agreement containing other federally required disclosures. However, Termplan purported to describe the prepaid finance charge in the following manner:

| PREPAID FINANCE CHARGE | |
|---|---|
| LOAN FEE | LOAN FEE |
| $NONE | $33.60 |

In conformity with § 226.6(c)(2)(iii), Termplan also made disclosures required by Georgia law in the lower portion of the loan document beneath the heading "STATE DISCLOSURES THAT ARE INCONSISTENT WITH THE FEDERAL TRUTH IN LENDING ACT." Among those disclosures is a breakdown of the loan fee:

| Loan Fee | (4%) | $None |
|---|---|---|
| Loan Fee | (8%) | $33.60 |

The loan fee disclosures in the state disclosure portion of the loan agreement are an attempt to comply with Georgia law. Ga. Code Ann. § 25–319 requires a licensed lender to disclose information to the borrower, including the amount of interest and fees, and § 25–315(b) allows a lender to charge a "fee for making loan" of 8% on the first $600 of the face amount and 4% on any excess.

Presumably the disclosure in the federal portion is an attempt to provide the borrower with additional information, that is, to describe as "prepaid finance charge" the loan fee calculated in the manner permitted by Georgia law. The restatement in the

---

1. 12 CFR § 226.6(c) provides:

(c) Additional information. At the creditor's or lessor's option, additional information or explanations may be supplied with any disclosure required by this part, but none shall be stated, utilized, or placed so as to mislead or confuse the customer or lessee or contradict, obscure, or detract attention from the information required by this part to be disclosed. Any creditor or lessor who elects to make disclosures specified in any provision of State law which, under paragraph (b) of this section, is inconsistent with the requirements of the Act [section 1601 et seq. of this title] and this part may

(1) Make such inconsistent disclosures on a separate paper apart from the disclosures made pursuant to this part, or

(2) Make such inconsistent disclosures on the same statement on which disclosures required by this part are made; provided:

(i) All disclosures required by this part appear separately and above any other disclosures,

(ii) Disclosures required by this part are identified by a clear and conspicuous heading indicating that they are made in compliance with Federal law, and

(iii) All inconsistent disclosures appear separately and below a conspicuous demarcation line, and are identified by a clear and conspicuous heading indicating that the statements made thereafter are inconsistent with the disclosure requirements of the Federal Truth in Lending Act.

federal portion simply does not accomplish this objective of conveying useful additional information and, moreover, creates an internal inconsistency with the federal portion.

The prepaid finance charge consisting of a "loan fee" cannot be both "none" and "$33.60" in the same transaction. In another context this inconsistency could produce a suit on the contract—is the borrower due to pay a prepaid finance charge of $33.60 or no charge at all or, if charged $33.60 can he return later and urge that a mistake was made, that the charge was to be "none" and he is due back $33.60? This inconsistency of the two "loan fee" prongs of "prepaid finance charge" is exacerbated by there being no indication that the prepaid finance charge is the total of the two "loan fee" items. The loan here was less than $600, so the charge calculated at 8%, and the 4% range did not come into play. The same inconsistency would exist if the loan were $1,000 and the two items appeared as "loan fee $48" (8% on $600) and "loan fee $16" (4% on the $400 excess). Is there then one finance charge, and if so is it $48 or $16 or the total of $64, or are there two finance charges? Rather than disclosing meaningful additional information, the manner of describing the prepaid finance charge confuses the borrower and detracts attention from the required federal disclosure.

With support from an amicus brief[2] Termplan vigorously argues we are bound by precedent and by Federal Reserve Board opinion letters from finding that its itemization of the prepaid finance charge constitutes an inconsistent state disclosure. It relies on *Blalock v. Aetna Finance Co.*, 511 F.Supp. 33 (N.D.Ga. 1980) *aff'd.* 641 F.2d 878 (5th Cir. 1981), where we affirmed without opinion the district court's finding that itemizing the prepaid finance charge under the subheadings "4% fee (A)" and "8% fee (B)" was not an inconsistent state disclosure. *Blalock* is distinguishable. The subheadings in *Blalock* clearly inform the borrower that the prepaid finance charge comprises two separate calculations. Merely subdividing the prepaid finance charge into two identical subheadings, as Termplan has done, does not convey such useful additional information. In fact, it provides little or no additional information and because of the risk of confusion may be "worse than meaningless," *see Mason v. General Finance Corp. of Va.,* 542 F.2d 1226, 1233 (4th Cir. 1976).

Termplan also points to a Federal Reserve Board public opinion letter that endorses the terminology "Prepaid Finance Charge (Loan Fee)," FRB Pub. Op. Letter No. 1267, Cons. Cred. Guide (CCH) ¶ 31,753 (Dec. 5, 1977). While we agree with the proposition that courts should not substitute their interpretations for those of the Board, *see Ford Motor Credit Co. v. Milhollin,* 444 U.S. 555, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980), we find Letter No. 1267 inapposite. It merely allows the lender to add "loan fee" as a parenthetical after "prepaid finance charge" where the prepaid finance charge is composed of a single-element loan fee. Moreover, although the Board has indicated that itemizing the elements of a prepaid finance charge does not necessarily constitute an inconsistent disclosure, *see e. g.* FRB Pub. Info. Letter No. 240, Cons. Cred. Guide (CCH) ¶ 30,275 (Feb. 5, 1970), we are unaware of any interpretive ruling by the Board supporting Termplan's contention that a lender may "itemize" the prepaid finance charge into identical "loan fee" subheadings without giving the borrower some indication that these identical subheadings refer to different elements that are, or may be, involved in calculating a total loan fee.

AFFIRMED.

2. Beneficial Finance Company of Georgia.