In the Matter of Gerald Wali SHARIF,
Bankrupt/Debtor.

Gerald Wali SHARIF, Plaintiff,

v.

THORP CREDIT INC. OF MARYLAND,
Defendant.

Bankruptcy No. 81–03052A.
Adv. No. 81–1585A.
Civ. A. No. 82–1218A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 10, 1982.

**520**

Ralph Goldberg, Atlanta, Ga., for plaintiff.

W. Christopher Bracken, Maley & Crowe, Atlanta, Ga., for defendant.

### ORDER

MOYE, Chief Judge.

Presently before the Court in the above-styled action is an appeal of a United States Bankruptcy Court decision granting summary judgment in favor of defendant after concluding that there had been no violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.,* and Regulation Z of the Federal Reserve Board, 12 C.F.R. § 226.1 *et seq.* The bankruptcy court determined that defendant's disclosure of the "CASH ADVANCE" was clear and conspicuous and therefore not a violation of 15 U.S.C. § 1639(a)(1) and that defendant's disclosure as to post-maturity interest was not a violation of Regulation Z, 12 C.F.R. § 226.6. This Court agrees with the conclusions of the bankruptcy court and therefore

affirms the court's granting of summary judgment in favor of defendant, Thorp Credit, Inc. of Maryland.

The facts are not in dispute, and the law has been well briefed by the parties. Plaintiff Gerald Wali Sharif entered into a loan agreement, dated September 29, 1980, with defendant Thorp Credit, Inc. of Maryland. Plaintiff, subsequently, filed a petition for relief under Chapter 7 of the Bankruptcy Code on July 24, 1981. In his petition, plaintiff listed as exempt property the TILA chose in action that is now before the Court. No objection to the claimed exemption was made, and on August 26, 1981, the case was brought before the bankruptcy court. The bankruptcy court granted summary judgment in favor of defendant, and the case is presently before this Court on appeal.

*Disclosure of "CASH ADVANCE" Pursuant to 15 U.S.C. § 1639(a)(1)*

■ A lender, pursuant to 15 U.S.C. § 1639(a)(1), must reveal the amount of the cash advanced by a description that the borrower can recognize as the amount of cash given to him, the borrower. *Sage v. Freedom Mortgage Co.,* 675 F.2d 1208, 1211 (11th Cir. 1982). Furthermore, Regulation Z, 12 C.F.R. § 226.6(a), generally requires that disclosures be made clearly and conspicuously. The standard is well established that there must be strict compliance with the technical requirements of TILA so that consumers can make meaningful comparisons of available credit alternatives. *Smith v. Chapman,* 614 F.2d 968 (5th Cir. 1980). There is no question that defendant provided a designated and identified space for the "CASH ADVANCE" figure on the standardized "Combined Note and Disclosure Statement," hereinafter "disclosure statement." The issue before the Court is whether the disclosure is clear and conspicuous.

Plaintiff claims that the "CASH ADVANCE" figure of 2001.04 is not disclosed properly under Regulation Z, 12 C.F.R. § 226.6(a), because the figure was typed partially in a darkened area and slightly

outside of the box provided for the "CASH ADVANCE." The plaintiff brings to the attention of the Court a seventh circuit case involving a blurred or obscured disclosure. *Smith v. No. 2 Galesburg Crown Finance Corp.*, 615 F.2d 407 (7th Cir. 1980). The Court in *Smith, supra,* at 418, observed:

> Nothing can be more central to the entire scheme of TILA than the notion that disclosures made must be legible. The required disclosures become meaningless if the consumer is unable to decipher them. In this case, the disclosure of the $168.41 [30] finance charge is obscured behind lines and words printed on the form itself so as to be, in our opinion, unreadable . . . .

The court went on to reverse the trial court on the basis that the court of appeals was in as good a position as the trial court to determine whether the figure is legible, noting that the finding of fact on the question does not carry the same weight as findings involving credibility determinations. *Id.* at 418 n.31, *see Jurek v. Estelle,* 623 F.2d 929, 932 (5th Cir. 1980). The *Smith* court pointed out that the figure was so blurred and obscured that both parties to the litigation and the district court had misread the finance charge by a difference of $20. *Id.* at 418 n.30. The facts in *Smith* are distinguishable from the case at bar because the "CASH ADVANCE" figure in the present case is readable, although typed off center of the box provided. Plaintiff contends that the figure is illegible; however, the defendant, the bankruptcy court, and this Court agree that the 2001.04 figure is readable. Therefore, the Court finds the disclosure to be clear, conspicuous and in accordance with Regulation Z. *Accord, Howard v. Century Finance Co. of East Point, Inc.,* 81–663A (N.D.Ga. July 29, 1981) (Dougherty, M.).

The Court points out that in addition to the required disclosure on the disclosure statement, the defendant provided plaintiff with the exact same "CASH ADVANCE" figure reproduced and clearly labeled on the loan voucher, received, signed, and dated by the plaintiff on the same date as found on the disclosure statement. Consequently, the defendant clearly and conspicuously disclosed the same "CASH ADVANCE" figure on the disclosure statement and on the loan voucher. Customer copies of both documents were given to the plaintiff.[1] Therefore, even if plaintiff had any difficulty in reading the figure on the disclosure statement, the plaintiff had a crystal clear carbon copy of exactly the same figure with the exact same label on the loan voucher, *see Reardon v. G. L. J. Enterprises, Inc.,* C80–1895A (N.D.Ga. March 30, 1982) (Hall, J.).

■■ Assuming, *arguendo,* that the disclosure were not clear and conspicuous, the Court finds persuasive defendant's good faith defense pursuant to 15 U.S.C. § 1640(c). Title 15 U.S.C. § 1640(c) provides as follows:

> A creditor may not be held liable in any action brought under this section for a violation of this subchapter if the creditor shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

It has been firmly established that the bona fide error defense is limited to clerical errors, such as the typing error in the present case, rather than expanding the defense to include errors in legal judgment. *Jacklitch v. Redstone Federal Credit Union,* 463 F.Supp. 1134, 1138 (N.D.Ala.1979). The defendant directs the attention of this Court to *Smith v. No. 2 Galesburg Crown Finance Corp., supra.* In *Smith,* the court observed:

> No doubt the legibility problem arose in the case because the copies of the form were not properly aligned before insertion into the typewriter. We note that this is the sort of clerical error for which the defense in 15 U.S.C. § 1640(c) may be applicable.

The court went on to state that in that case, [t]he creditor did not here attempt to demonstrate the existence and mainte-

---

1. It appears to the Court that if the customer received the original copy rather than a dupli-

cate that any question of legibility of figures may be alleviated.

nance of procedures reasonably adopted to avoid and prevent errors of the sort which occurred.

Hence, the court held that in that case the clerical error defense was not available. *Smith, supra,* at 418. However, in the present case, defendant filed an undisputed affidavit along with defendant's motion for summary judgment as filed in the bankruptcy court. The affidavit establishes that procedures reasonably adopted to avoid printing errors were in force and effect at the time defendant negotiated the loan agreement in this case. For this reason, the Court is persuaded that the 15 U.S.C. § 1640(c) defense would be available to defendant.

*Post Maturity Interest Rate Disclosure*

██ Plaintiff contends that by disclosing the post-interest maturity rate of the loan that defendant violated TILA by disclosing inconsistent state information. As pointed out by plaintiff, *Whitfield v. Termplan, Inc.,* 651 F.2d 383 (5th Cir. 1981), established that a lender is not required, under federal law, to disclose the fact that post-maturity interest will be charged where the rate is less than or equal to the interest rate charged on the loan itself. In the instant case, the annual percentage rate of the loan is 20.99 percent. The post-interest maturity rate is set at 6 percent per annum. Therefore, because the loan rate is greater than the post-interest maturity rate, the post-interest maturity rate is not required to be disclosed under TILA.

In the present case, the defendant reveals the maximum post-maturity rate allowed by Maryland law on the reverse side of the disclosure statement marked:

The following information is furnished pursuant to the requirements of Section 12–308 of the Consumer Loan Law of the State of Maryland, and is inconsistent with the disclosure requirements of the Federal Truth-In-Lending Act.

The Maryland law was disclosed as follows:

12–306(b) If any principal balance remains unpaid 6 months after the loan matures as originally scheduled or deferred, the Lender may not contract for, charge or receive interest at a rate exceeding 6 percent simple interest per annum on the actual unpaid principal balances from time to time.

Although not required by law under TILA, defendant made a clear and conspicuous disclosure of the *actual* post-maturity interest rate on the front page of the disclosure statement as follows:

I promise to pay Lender the Amount Financed together with interest at the Annual Percentage Rate, except that 6 months after maturity interest shall accrue at 6% per annum, until fully paid.

Plaintiff asserts that defendant's effort to clearly disclose the terms of the post-maturity interest rate is inconsistent with the requirements of TILA. However, as stated by Judge Shoob in *Blalock v. Aetna Finance Co.,* 511 F.Supp. 33 (N.D.Ga.1980), *aff'd,* 641 F.2d 878 (5th Cir. 1981):

State law is inconsistent with the requirements of Truth in Lending law when it requires the use of terminology enough different from that required by federal law that would prevent a meaningful disclosure of credit terms and contribute to the uninformed use of credit. Otherwise state law terminology is 'additional information' or 'explanations' as contemplated in 12 C.F.R. § 226.6(c)."

511 F.Supp. at 35. Title 12 C.F.R. § 226.6(c) provides:

At the creditors . . . option, additional information or explanations may be supplied with any disclosure required by this part, but none shall be stated, utilized, or placed so as to mislead or confuse the customer or lessee or contradict, obscure, or detract attention from the information required by this part to be disclosed. . . .

15 U.S.C. § 1601(a).

By the *Blalock* standard, the defendant did not violate TILA by fully disclosing the actual interest that would be charged to the borrower six months after maturity of the loan, especially since there is no TILA requirement for disclosure of a post-maturity interest rate. Even if the state law requires that the maximum interest allowed

to be charged on loans after maturity be disclosed, the voluntary and meaningful disclosure of the post-maturity interest rate of the particular loan involved is certainly not a violation of TILA. In fact, the Court finds that disclosure of the post-maturity interest rate, as in the present case where it does not mislead or confuse the customer, is not only consistent with but in furtherance of the purpose of TILA to assure a meaningful disclosure of credit terms so that the customer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit.... 15 U.S.C. § 1601(a).

For the above stated reasons, this Court AFFIRMS the decision by the bankruptcy court to grant summary judgment in favor of the defendant. This Court CONCLUDED that defendant's disclosure of the "COST ADVANCE" was clear and conspicuous and in accordance with 15 U.S.C. § 1639(a)(1) and that defendant's disclosure of the actual post-maturity interest rate in the loan was made in accordance with Regulation Z, 12 C.F.R. § 226.6.

